Mrs. Robert O. WILSON, Appellant,

v.

William A. O'CONNOR, Appellee.

No. 19188.

Court of Civil Appeals of Texas,
Dallas.

Aug. 23, 1977.

Rehearing Denied Sept. 15, 1977.

J. W. Hassell, Jr., Dallas, for appellant.

Jeffrey R. Hacker, Dallas, for appellee.

AKIN, Justice.

This is an appeal by Mrs. Robert O. Wilson, defendant-landlady, from an adverse judgment rendered against her and in favor of her former tenant, William A. O'Connor, based on Tex.Rev.Civ.Stat.Ann. art. 5236e § 4 (Vernon Supp. 1976–77) after a trial before the court. Plaintiff O'Connor sued Mrs. Wilson for a "bad-faith" failure to return his security deposit. Although the trial court made no finding with respect to "bad faith" on the part of Mrs. Wilson, it nevertheless rendered a judgment against her for treble the amount of the deposit plus $100 and attorney's fees, as authorized under section 4(a) of article 5236e for the "bad-faith" retention of a security deposit. Because we hold that the trial court erroneously construed this statute, we reverse and remand for a determination of bad faith.

The trial court made the following findings of fact: (1) on or about November 30, 1974, Mrs. Wilson, defendant, and Mr. O'Connor, plaintiff, entered into a lease that extended through November 30, 1975; (2) on December 1, 1975, plaintiff provided defendant with a written notice of his intent to terminate his tenancy on December 30, 1975; (3) upon termination on December 30, 1975, plaintiff provided defendant with his forwarding address for return of his security deposit; (4) the defendant left on vacation abroad sometime between December 1 and December 30; (5) she left no one in charge of the apartments in her absence; (6) she did not return until sometime in February 1976; and (7) no refund of the security deposit withheld was made until well after thirty days after plaintiff had vacated the premises.

Acting on these findings, the trial court made the following conclusions of law: (1) that article 5236e requires that the landlord must refund a tenant's security deposit or provide an itemized list of charges deducted for damages above and beyond ordinary wear and tear *within* thirty days after a tenant vacates the premises, subject to the tenant providing the landlord with thirty days' written notice; (2) that article 5236e *requires failure to so refund tenant's security deposit or to itemize deductions within the thirty-day period to be considered prima facie evidence of bad faith;* (3) that article 5236e requires or *provides for no automatic extension of this thirty-day period for the convenience of the landlord;* (4) "Therefore, *I have found that the defendant landlord . . . did not act in compliance with . . . article 5236e . . . .*, as regards the return of plaintiff's security deposit. . . ." [Emphasis added]

The pertinent statutory provisions are:

Sec. 2. (a) Security deposits must be refunded by the landlord to the tenant within 30 days after the tenant surrenders the premises. A tenant shall give advance notice of surrender as may be required by the rental agreement. However, advance notice may not be a condition for refund unless the requirement of advance notice is underlined or printed in conspicuous, bold print in the rental agreement.

. . . . .

Sec. 3. (a) In the event actual cause exists for retaining all or any portion of the security deposit, the landlord shall return to the tenant the balance of the security deposit, if any, together with a written description and itemized list of all deductions. Such deductions shall be lim-

ited to damages and charges for which the tenant is legally liable under the rental agreement or as a result of breaching the rental agreement. No security deposit may be retained to cover normal wear and tear as defined in Paragraph (6), Section 1, of this Act. The burden of proving the reasonableness of such damages or charges shall be on the landlord.

. . . . .

Sec. 4. (a) A landlord who in bad faith retains a security deposit in violation of this Act is liable for $100 plus treble the amount of that portion of the deposit which was wrongfully withheld from the tenant, and shall be liable for reasonable attorneys fees in a lawsuit to recover the security deposit.

(b) A landlord who in bad faith fails to provide a written description and itemized list of damages and charges pursuant to the requirements of this Act, forfeits all rights to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises and is liable to the tenant for reasonable attorneys fees in a lawsuit to recover the security deposit.

(c) In any court action brought by a tenant under this Act, the landlord bears the burden of proving that his retention of the security deposit or any portion thereof was reasonable. In this court action the landlord is not liable for the penalty, treble damages, or attorneys fees referred to in Subsections (a) and (b) of this section unless the landlord is found to have acted in bad faith. Failure to return a security deposit within 30 days or failure to provide a written description and itemization of deductions within 30 days is prima facie evidence and a presumption that the landlord acted in bad faith.

On this appeal, Mrs. Wilson contends that the undisputed evidence established that Mrs. Wilson was not acting in bad faith, that the charges deducted from the deposit were reasonable, and that the trial court's failure to make a finding of bad faith indicates that the court incorrectly ruled that

failure to repay Mr. O'Connor's deposit within thirty days of termination of the tenancy is bad faith as a matter of law under article 5236e section 4. She does not, however, attack the judgment on the ground that it is against the great weight and preponderance of the evidence.

On the other hand appellee contends that defendant, as a matter of law, acted in bad faith since she did not return the appellee's deposit within the thirty days required by the statute, and therefore, the statute mandated the imposition of the penalties for wrongfully withholding the deposit in bad faith. Before we may address these contentions, a construction of the statute is necessary.

Article 5236e is a complex measure which requires careful analysis. Basic to a proper interpretation is the distinction between its remedial and punitive features. As a remedial measure, section 2(a) requires security deposits to be refunded within thirty days after the tenant surrenders the premises, but section 3(a) provides that in the event actual cause exists for retaining all or any part of the deposit, the landlord shall return the balance with a written description and itemized list of all deductions, which must be limited to damages and charges for which the tenant is liable, and the burden of proving the reasonableness of such deductions is on the landlord. Thus, the landlord has the right to retain so much of the deposit beyond thirty days as is necessary to cover proper charges and damages if he furnishes an itemized list of deductions, but he has the burden of establishing the reasonableness of such deductions. Although section 2 provides that the deposit shall be refunded within thirty days, it does not state the consequences of failure to make the refund within that period, and neither are such consequences stated elsewhere in the act, except pertaining to a finding of bad faith under section 4(c). Section 3 provides no time within which the statement of deductions shall be furnished, but we construe sections 2 and 3 together as requiring such a statement to be made within thirty days if the landlord retains any part of the deposit for a longer period.

The penalty provisions of the statute are found in section 4. Subdivision (a) provides that for bad-faith retention of the deposit in violation of the act, the landlord "is liable for $100 plus treble the amount of that portion of the deposit which was wrongfully withheld." This provision necessarily implies that no treble damages are recoverable for withholding that part of the deposit which is reasonably necessary to cover proper deductions, as shown by the itemized list furnished and established by the landlord. No other provision for treble damages is contained in the statute. Section 4(b) provides that a landlord who in bad faith fails to provide an itemized list of damages and charges "forfeits all rights to withhold any portion of the deposit" and his right to sue the tenant for damages. It is significant that this provision does not impose this forfeiture for failure to provide the list within thirty days from surrender of the premises and contains no reference to time. The forfeiture imposed is simply for failure in bad faith to provide the tenant with an itemized list.

Section 4(c) repeats several of the previous provisions. The first sentence substantially restates the last sentence in section 3(a) which is to the effect that the burden of proving reasonableness of the deductions is on the landlord. The second sentence repeats the requirement of bad faith for imposition of the $100 penalty and recovery of treble damages in section 4(a), and for the forfeiture of the deposit and of the right to damages under section 4(b). The last sentence is the principal provision on which the trial court's judgment here rests:

> Failure to return a security deposit within thirty (30) days or failure to provide a written description and itemization of deductions within thirty (30) days is *prima facie evidence* and *a presumption that the landlord acted in bad faith*. [Emphasis added]

This provision, as we read it, creates no additional substantive rights or obligations, but only raises a presumption which permits the tenant to establish a prima facie case of bad faith by showing either that the landlord failed to refund the deposit within thirty days or failed to provide the itemized list of deductions within thirty days. It is not clear whether this "presumption" disappears if rebutting evidence is offered, but since the statute uses the term *"presumption"* and also the term "prima facie evidence," we construe it as establishing an inference which *permits*, but does not compel, *a fact finding of bad faith, even if rebutting evidence is offered by the landlord.* See *Coward v. Gateway Nat'l Bank*, 525 S.W.2d 857, 859 (Tex.1975). Absent rebutting evidence, of course, the presumption would compel a finding of bad faith.

The crucial question on this appeal is what evidence is required to rebut the presumption of bad faith which arises if it is shown that the landlord did not return the deposit or furnish an itemized list of deductions within thirty days. Does "bad faith" mean simply that he intended not to refund the deposit within thirty days, or does it mean that he intended to deprive the tenant of the refund to which the tenant was entitled? We conclude that in this context "bad faith" implies an intention to deprive the tenant of the refund lawfully due.

This interpretation is supported by *Citizens Bridge Co. v. Guerra*, 152 Tex. 361, 258 S.W.2d 64, 69–70 (1953), in which the test of "bad faith" was said to be whether the person in question "acted in dishonest disregard" of the rights of the other person concerned. This test is consistent with the definition of the correlative "good faith" as "honesty in fact in the conduct or transaction concerned" in Tex. Bus. & Com.Code Ann. § 1.201(19) (Vernon 1968). A landlord who delays until the thirty-first day to make a refund of the security deposit cannot properly be said to have acted in *dishonest* disregard of the rights of the tenant unless he knew or had reason to believe that he was not entitled to retain it to recover reasonable charges and damages for which the tenant was liable. Mere retention of the deposit beyond thirty days or failure to furnish the itemized list within thirty days, even though intentional,

does not establish the landlord's dishonest intention as a matter of law, although proof of such action constitutes prima facie evidence of bad faith and casts on the landlord the burden of showing his good faith. If the landlord presents evidence of a reasonable excuse for the delay, then a fact issue is presented on which the landlord has the burden of proof.

Under this interpretation and this record we cannot say that the evidence shows that Mrs. Wilson, as a matter of law, dishonestly intended to deprive Mr. O'Connor of his security deposit. Indeed, the contrary appears likely. At best, the evidence is that Mrs. Wilson did not return the deposit within thirty days because of her absence on vacation. When she returned, she inspected the apartment, made deductions for cleaning and repairs, and then refunded the balance to Mr. O'Connor. This evidence tends to rebut the presumption of bad faith and raises at least a fact issue which the trial court failed to resolve. Likewise, the trial court made no findings as to whether these deductions from the security deposit were reasonable and, thus, justified. Neither did the trial court resolve the crucial question of whether Mrs. Wilson intended to retain the deposit dishonestly, knowing that she had no right to do so. Apparently, the trial court erroneously construed the statute to mean, as appellee argues, that Mrs. Wilson acted in bad faith as a matter of law when she did not return the appellee's deposit within the thirty days set forth in the statute and that, therefore, the penalties of the statute were mandated.

We cannot imply a finding of bad faith pursuant to Tex.R.Civ.P. 299, as the dissent would have us do, since it is apparent that the trial court erred in construing the statute. Rule 299 provides:

Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. *The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court*; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, *where supported by evidence*, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal. [Emphasis added]

Here appellee does not contend that the judgment should be affirmed on the theory that a fact-finding of bad faith should be presumed under rule 299. Appellee argues, rather, that bad faith is established as a matter of law by appellant's failure to return the deposit or mail the list within thirty days, regardless of what excuses appellant may have presented for failure to do so. It is apparent to us from the trial court's findings and conclusions that this contention was accepted as controlling by the trial court and, consequently, that the trial court made no effort to decide the fact issue of whether appellant acted in bad faith in the sense that she dishonestly intended to retain the deposit with knowledge that she had no right to do so.

We do not find that the trial court's findings and conclusions are in themselves erroneous. We hold, rather, that they are insufficient to support the judgment for treble damages, because they do not include a fact-finding of bad faith and that no such finding can be presumed on this issue because the trial court obviously concluded that bad faith had been established as a matter of law. Where the trial court's findings of fact and conclusions of law disclose a different basis for its judgment, such as an erroneous interpretation of law, rule 299 does not apply. *Burford v. Pounders*, 145 Tex. 460, 199 S.W.2d 141, 145 (1947); *E. F. Hutton & Co. v. Fox*, 518 S.W.2d 849, 855–56 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.); *Life & Casualty Ins. Co. v. Martinez*, 299 S.W.2d 181, 182 (Tex.Civ.App.—San Antonio 1957, per Pope, J., no writ). Since the findings of fact and conclusions of law show that the trial court erroneously construed the statute to mean that since the deposit was not returned

within thirty days, bad faith existed as a matter of law without consideration of whether Mrs. Wilson actually intended to deprive appellee of any part of the deposit to which he was entitled, we conclude that rule 299 is inapplicable. From an examination of the record, we are convinced that this evidence did not enter into the trial court's findings and conclusions which culminated in its judgment against Mrs. Wilson, and, therefore, the issue was not impliedly passed upon by the trial court. Accordingly, we reverse and remand for a new trial not inconsistent with this opinion.

ROBERTSON, Justice, dissenting.

I must respectfully dissent. Although I agree with the majority's basic construction of article 5236e, I do not believe that the record of this case negates implication of a finding of "bad faith" under rule 299 of the Texas Rules of Civil Procedure.

The court's holding is that the findings of fact and conclusions of law filed by the trial court reflect that its judgment is "obviously" based upon an erroneous construction of article 5236e, namely that imposition of the $100 penalty and treble damages is mandatory when the landlord withholds the deposit longer than thirty days. By this analysis, the court concludes that the issue of bad faith was not considered by the trial court and, thus, cannot be implied under rule 299. I cannot agree.

According to the majority opinion, the alleged "erroneous theory" is shown by the trial court's findings of fact and conclusions of law. Findings of fact were made, and although they recite particular facts and circumstances, there is no express finding that these preliminary findings reflect "bad faith" on the part of the landlord. Supposedly, implication of this ultimate finding is precluded by the court's erroneous construction of article 5236e, as manifested by its conclusions of law. These conclusions are:

(1) That article 5236e requires that the landlord must refund a tenant's security deposit or provide an itemized list of charges deducted for damages above and beyond ordinary wear and tear within thir-

ty days after a tenant vacates the premises, subject to the tenant providing the landlord with thirty days' written notice;

(2) That article 5236e requires failure to so refund tenant's security deposit or to itemize deductions within the thirty-day period to be considered prima facie evidence of bad faith;

(3) That article 5236e requires or provides for no automatic extension of this thirty-day period for the convenience of the landlord;

(4) "Therefore, I have found that the defendant landlord . . . did not act in compliance with . . . article 5236e . . . as regards the return of plaintiff's security deposit . . . "

Although conclusions two, three, and four are heavily emphasized in the majority's analysis, no amount of emphasis can justify their holding that these findings and conclusions demonstrate that the trial court "obviously" based its judgment upon an erroneous construction of article 5236e. The evidentiary findings are not challenged in this case, and conclusions of law one and two merely paraphrase the language of the statute. Conclusion three is clearly a correct statement of the law, for even the majority recognizes that extensions of the thirty-day period are not "automatic," but rather are conditioned upon a landlord's good-faith belief that retention of the deposit was necessary to cover reasonable charges and damages. Finally, conclusion four simply recites that the defendant "did not act in compliance" with the statute and concludes liability without expressing the precise relationship of that liability to the other conclusions. In its opinion, the majority does not specify *any* error in these conclusions; yet they hold that the trial court "obviously" tried the case on the wrong theory. Although the court states that appellee has argued that the landlord's retention of the deposit past the thirty days constitutes bad faith as a matter of law, I cannot recall any oral or written argument to that effect. Indeed, appellee's brief sets forth the very same test of liability as is

stated in the majority opinion. Throughout appellee's brief, he emphasizes that the landlord's liability rests upon failure to rebut the presumption of bad faith raised by extended retention of the deposit, stating that "under the language of the statute, the landlord must show that his actions were not in bad faith or be subject to the penalties required by the act," and that [t]he Trial Court correctly held that there is a presumption of bad faith, and that this presumption was not rebutted." Thus, the majority not only presumes that the trial court based its decision on an "erroneous theory," but also justifies that presumption by imputing that theory to appellee in the face of directly contrary arguments in his brief.

By failing to specify the errors in this case, the court exercises its discretion in reviewing the findings and conclusions and misinterprets the very authorities it cites to support its departure from the implied-finding rule. At best, these cases can only be cited to support the position that presumption of omitted findings is improper only when the record *clearly demonstrates* that the trial court rested its judgment on a different basis. *See Burford v. Pounders,* 145 Tex. 460, 199 S.W.2d 141, 145 (1947) (implied finding would be improper since findings and conclusions disclosed that trial court *carefully avoided* finding the proffered omission); *Stretcher v. Gregg,* 542 S.W.2d 954, 958 (Tex.Civ.App.—Texarkana 1976, no writ) (no implied finding of written notice allowed when it was *evident* from record that trial court's holding was based upon finding of oral notice); *Reid v. Gulf Oil Corp.,* 323 S.W.2d 107 (Tex.Civ.App.—Beaumont 1959), *aff'd,* 161 Tex. 51, 337 S.W.2d 267 (1960) (no implied finding when finding would be inconsistent with any correct legal theory of the case); *Life & Casualty Ins. Co. v. Martinez,* 299 S.W.2d 181, 182 (Tex.Civ.App.—San Antonio 1957, no writ) (implied finding disallowed when the conclusions of law manifested that the case was tried under the wrong legal theory). Finally, in *E. F. Hutton & Co., Inc. v. Fox,* 518 S.W.2d 849, 855–56 (Tex.Civ.App.—Dallas 1974, writ ref'd n. r. e.), this very court stated:

[R]ule 299 does not authorize us to imply a finding on the correct measure of damages when the record *clearly shows* that the amount awarded by the court was determined by applying an erroneous measure of damages. [Emphasis added.]

Under these authorities, appellate courts are not authorized to disregard the rule of implied findings under rule 299 unless they can point to specific sections of the record which negate the implication. The majority has not specified *any* portion of the record which is even arguably erroneous. I can only construe this holding as establishing a new principle of appellate review, namely that when the record raises some suspicion of error, the appellate court may, in its discretion, presume that error has been committed. Error is never presumed, and if the findings of fact and conclusions of law are susceptible to different constructions, they must be construed to support the trial court's judgment. *Brown v. Frontier Theatres, Inc.,* 369 S.W.2d 299, 301 (Tex. 1963); *Heard v. City of Dallas,* 456 S.W.2d 440, 443 (Tex.Civ.App.—Dallas 1970, writ ref'd n. r. e.); *In Interest of Anglin,* 542 S.W.2d 927, 930 (Tex.Civ.App.—Dallas 1976, no writ). Although the majority notes that appellee has not urged that we should affirm under rule 299, this statement erroneously assumes that it was appellee's burden to do so. Rule 299 is one of the various presumptions inherent in the nature of appellate review, and we must make those presumptions in favor of the judgment even if they are not urged. The burden rests upon the complaining party to show affirmatively by the record that error was committed, *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968), and the appellee is not bound to contest the points raised on appeal. *Gill v. Willis,* 282 S.W.2d 88 (Tex. Civ.App.—Eastland 1955, no writ); *Gulf, C. & S. F. Ry. v. Blanchard,* 73 S.W. 88 (Tex. Civ.App.—1903, no writ).

Even if the majority's principle is accepted, the findings and conclusions in this case do not raise any "suspicion" of error. Since none of the trial court's legal conclusions

are erroneous, and the erroneous theory has not been urged here by appellee, the only possible source of "suspicion" is the absence of an express finding of bad faith. The majority concedes that a fact issue was presented on bad faith, and the trial court was empowered to resolve this issue according to its view of the evidence. Since appellant requested the findings from the trial court and did not request additional findings or take exceptions thereto, the facts found by the trial court bind the parties on appeal, *Pope v. American Nat'l Ins. Co.*, 443 S.W.2d 377, 381 (Tex.Civ.App.—Tyler 1969, writ ref'd n. r. e.), and we must presume that any necessary facts not covered by the express findings were found in support of the judgment. Tex.R.Civ.P. 299; *Wisdom v. Smith*, 146 Tex. 420, 209 S.W.2d 164 (1948); *Bednarz v. State,* 142 Tex. 138, 176 S.W.2d 562 (1943); *Waters v. Yockey*, 193 S.W.2d 575, 576 (Tex.Civ.App.—Dallas 1945, no writ). With all deference to the majority, I cannot refuse to recognize this rule by presuming that such a finding was not made.

For these reasons, I am unable to concur in the opinion of the court.