**A. B. INVESTMENT CORP., Appellant,**

v.

**Cary DORMAN, Appellee.**

**No. 20363.**

Court of Civil Appeals of Texas, Dallas.

Aug. 7, 1980.

Mark Stevens, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellant.

Scott Pelley, Nancy, Caston & Nall, Sherman, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

AKIN, Justice.

This is an appeal by a landlord from an adverse judgment in favor of the tenant for violation of Tex.Rev.Civ.Stat.Ann. art. 5236e (Vernon Supp.1980) by retaining the tenant's deposit in bad faith beyond the thirty days set forth in the statute. Under this statute, trial judge trebled the $100 security deposit refund due, awarded an additional $100, and assessed against the landlord the tenant's attorney's fees in the amount of $1,850. The landlord appeals, asserting that the trial judge erred in finding and concluding that the landlord's failure to return the deposit within thirty days was "bad faith" under article 5236e as that language was construed by this court in *Wilson v. O'Connor*, 555 S.W.2d 776, 780–81 (Tex.Civ.App.–Dallas 1977, writ dism'd). We agree and accordingly reverse.

The material facts are undisputed. The tenant, an attorney, resided in the Westlake Village Apartments from January 31, 1977, until August 31, 1977. On July 29, 1977, the tenant gave written notice of his intent to vacate the premises on August 31, 1977. Three days prior to the tenant's letter, on July 26, 1977, the landlord, a California corporation, purchased Westlake Village. All records pertaining to these apartments were transferred to, and maintained in, California. Pursuant to article 5236e, the landlord executed on September 27, 1977, a check payable to the tenant for the amount of the deposit. The postmark on the envelope in which the check was transmitted from California to Texas was dated October 4, 1977, five days after the thirty day period prescribed by the statute had expired, and received by the tenant two days later on October 6, 1977. The landlord's testimony showed that the delay in mailing the check for refund of the tenant's deposit was occasioned by the fact that the landlord had only recently purchased the property, its first Texas operation, and had yet to streamline its internal procedures.

Upon request of the landlord, the judge made and filed findings of fact and conclusions of law. The crucial finding with respect to this appeal is the finding of bad faith by the trial judge, on which the penalties of the statute depend. That finding reads: "The Defendant (Landlord) acted in

bad faith *by not providing a method in which security deposits could be expediently returned to tenants upon termination of their rental contracts."*

Section 4(a) of the Security Deposit Act provides:

A landlord who in *bad faith* retains a security deposit in violation of this Act is liable for $100 plus treble the amount of that portion of the deposit which was wrongfully withheld from the tenant, and shall be liable for reasonable attorneys fees in a lawsuit to recover the security deposit. [Emphasis added.]

In determining what "bad faith" meant in the context of this statute, we held in *Wilson v. O'Connor,* 555 S.W.2d 776, 780 (Tex. Civ.App.–Dallas 1977, writ dism'd) that "bad faith" implies an intention to deprive the tenant of the refund lawfully due. We also noted that mere intentional retention of the deposit by the landlord beyond the thirty day statutory period does not establish the landlord's dishonest intent to deprive the tenant of the deposit although the burden of proof is upon the landlord to overcome the presumption of bad faith by showing his good faith. *Id.* at 780–81.

■ The landlord argues that in view of the statute and of our opinion in *Wilson v. O'Connor, supra,* the trial judge erred in finding bad faith because, as a matter of law, failing to have a system available to timely return deposits to tenants is not bad faith under the statute. We agree. The finding of fact with respect to "bad faith" makes it clear that the judge did not find "bad faith" in the sense that the landlord wrongfully intended to permanently deprive the tenant of the deposit. Rather, he concluded that the landlord acted in bad faith by not providing an expeditious method to timely return tenants' deposits. Thus, the judge erred in failing to pass upon the ultimate issue upon which the statutory penalties depend.

■ Neither can we presume a finding of bad faith under Tex.R.Civ.P. 299 in view of the trial judge's express limitation of the finding to "bad faith by not providing a method in which security deposits could be

expediently returned." As we have held, that finding discloses an erroneous interpretation of the law with respect to the meaning of bad faith in the statute. The express finding precludes an implied finding because where the trial judge's findings of fact and conclusions of law disclose an erroneous interpretation of law, rule 299 does not apply. *Burford v. Pounders,* 145 Tex. 460, 199 S.W.2d 141, 145 (1947); *Wilson v. O'Connor,* 555 S.W.2d at 781.

■ In view of our decision to remand, we turn now to the landlord's contention that the attorney's fees awarded were excessive. In this respect, the evidence shows that the tenant retained an attorney and filed suit on October 4, 1977, four days after the statutory thirty days had expired. This suit was filed against a nonexistent entity and a default judgment was obtained. When this situation was called to the trial judge's attention, the default judgment was set aside. The tenant refiled the suit against the correct defendant and proceeded to trial. Upon retrial the trial judge should consider in awarding attorney's fees only time expended by the tenant's attorney in pursuing this action.

Reversed and remanded.