**In re FAIR INVESTORS, LTD., Debtor.**

**FAIR INVESTORS, LTD., Plaintiff,**

v.

**F.W. WOOLWORTH COMPANY, Builders Square, Inc., and Shoppers World Stores, Inc., Defendants.**

Bankruptcy No. 5–85–01054–A.
Adv. No. 5–86–0213–A.

United States Bankruptcy Court,
W.D. Texas,
San Antonio Division.

Oct. 8, 1987.

Jeffers, Brook, Kreager & Gragg, Inc. by William A. Jeffers, Jr., San Antonio, Tex., for F.W. Woolworth Co.

Urban & Coolidge by Carolyn A. Taylor, Houston, Tex., for Fair Investors, Ltd.

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN CONNECTION WITH THE COURT'S ORDER GRANTING F.W. WOOLWORTH CO.'S PARTIAL MOTION FOR SUMMARY JUDGMENT

R. GLEN AYERS, Jr., Chief Judge.

## JURISDICTION AND REMAINING ISSUES

This proceeding is a core proceeding and this Court has jurisdiction herein pursuant to the provisions of 28 U.S.C. § 1334 and 28 U.S.C. § 157, and these Findings of Fact and Conclusions of Law are hereby submitted pursuant to Rule 52 of the Federal Rules of Civil Procedure (as adopted by Rule 7052 of the Bankruptcy Rules) in connection with the granting by the Court of a partial Summary Judgment in favor of Woolworth.

The issues disposed of by the Court's Order deal with percentage rent and subletting under the Lease in question, with the issues remaining to be determined including the following:

a. Debtor's Motion to Reject Lease and reform rent thereunder;

b. Woolworth's Motion to Dismiss this Chapter 11 proceeding;

c. Woolworth's claim for reimbursement for expenditures made to the roof of the Leased Premises;

d. Debtor's claim for damages to the parking lot and/or driveway(s) adjacent to the Leased Premises;

e. Woolworth's Motion to Deposit Rent in Court pursuant to Rule 67 of the Federal Rules of Civil Procedure (as adopted by Rule 7067 of the Bankruptcy Rules);

f. Woolworth's claim for costs and attorney's fees in connection with Debtor's Complaint for Declaratory Judgment; and

g. Debtor's claim for damages resulting from Woolworth's repair and/or replacement of the roof of the leased premises, and to terminate and/or limit its liability for the making of subsequent or future roof repairs and/or replacements (no approved pleadings concerning these matters being currently on file, and Woolworth reserving its right to object to the same at the appropriate time).

## FINDINGS OF FACT

1. By lease dated October 16, 1968 ("the Lease"), Roy L. Martin & Associates, Limited leased certain premises to Woolworth in the Fair Park Shopping Center located on Fair Avenue, in San Antonio, Texas. A true and correct copy of the Lease is attached hereto as Exhibit A.

2. Subsequent to the execution of the Lease by the landlord and tenant, Fair Investors, Ltd., the Debtor herein, succeeded

to all of the landlord's interests under the Lease.

3. By letter dated October 4, 1982, Woolworth gave written notice to the Debtor of Woolworth's intention to discontinue the operation of its store at the leased premises pursuant to Article 5A of the Lease.

4. The decision of Woolworth to discontinue the operation of its Woolco store at the leased premises was part of an overall corporate decision to shut down all 336 Woolco stores in the United States, and was a good faith exercise of Woolworth's business judgment.

5. The Debtor did not exercise its option to cancel and terminate the Lease within 90 days after the mailing of the notice in accordance with the provisions of Article 5A of the Lease.

6. Woolworth discontinued the operation of its store at the Fair Park Shopping Center in January, 1983, and has continued thereafter to pay rent to the Debtor at the rate of $173,994.00 per year as provided in Article 5 of the Lease.

7. By subleases dated July 8, 1983, Woolworth sublet the leased premises to Shoppers World Stores, Inc., and Home Centers of America, Inc., predecessor to Builders Square, Inc., in accordance with Article 15 of the Lease. Woolworth's subtenants presently occupy the leased premises and operate their respective stores therein.

8. Woolworth did not obtain the prior consent of the Debtor to such subletting, nor did Woolworth provide copies of the proposed subleases to the Debtor prior to executing the same.

9. The Court makes no finding as to any disparity of bargaining power between the original landlord and Woolworth, but the Court affirmatively finds that there was no such disparity in bargaining power between the Debtor and Woolworth in 1982 when the notice of termination was sent by Woolworth to the Debtor.

10. The Lease has been interpreted by a number of courts, all but one of which have ultimately adopted findings of fact and conclusions of law substantially similar to those of the Court (the Conclusions of Law below contain citations for these cases).

## CONCLUSIONS OF LAW

1. The Lease is clear and unambiguous as to the rights and obligations of the parties with respect to percentage rent and subletting.

2. Pursuant to Article 5A of the Lease, the Debtor had one option to cancel and terminate the Lease. To effectively cancel and terminate the Lease, the Debtor was required to exercise its one option within 90 days after the date of mailing of Woolworth's notice of its intention to discontinue the operation of its store at the leased premises.

3. In accordance with the clear and unambiguous language of the Lease, and specifically Article 5A, the Debtor's failure to exercise its option to cancel and terminate the Lease within such 90 day period, and Woolworth's discontinuing the operation of its store at the leased premises, has the effect of deleting Article 5A from the Lease, and all obligations on Woolworth's part to pay percentage rent thereunder ceased as a matter of law.

4. The only remaining rent obligation of Woolworth under the Lease is to pay the sum of $173,994.00 per year as set forth in Article 5 of the Lease.

5. Pursuant to Article 15 of the Lease, Woolworth was not obligated to provide the Debtor with copies of the subleases affecting the leased premises, nor was it obligated to obtain the Debtor's consent prior to executing those subleases.

6. The subletting of the leased premises by Woolworth fully complies with the clear and unambiguous language of Article 15 of the Lease, and does not constitute a breach thereof.

7. Except for the deletion of Article 5A of the Lease, Woolworth's discontinuing of the operation of its store at the leased premises has no legal effect upon the remaining terms and provisions of the Lease. All other provisions of the Lease remain in full force and effect, including, but not

limited to, the provisions granting Woolworth options to extend the term of the Lease.

8. There is no issue of bad faith on the part of Woolworth herein as that term is defined in applicable state law (see, for example, the case of *Wilson v. O'Connor*, 555 S.W.2d 776, 780 [Tex.Civ.App.—Dallas, 1977, writ dism'd]), nor is there any issue of inequality of bargaining power between the Debtor and Woolworth in this commercial transaction under applicable case law.

9. The cases interpreting the Lease which have adopted the findings of fact and conclusions of law substantially similar to those of this Court are as follows:

   a. *Coxe v. F.W. Woolworth Co.*, 652 F.Supp. 64 (M.D.La.1986) *aff'd*, 812 F.2d 1403 (5th Cir.1987);

   b. *F.W. Woolworth v. Buford–Clairmont Co.*, 769 F.2d 1548 (11th Cir.1985);

   c. *Blair Mill Limited v. F.W. Woolworth Co.*, 86–2841 (E.D.Pa. February 24, 1987) [available on WESTLAW, 1987 WL 7203], appeal docketed, 87–1166, 3rd Cir., March 20, 1987; and

   d. *F.W. Woolworth v. Plaza North, Inc., et al*, 493 N.E.2d 1304 (Ind.App.4th Dist.1986), reversing decision of lower court.

The one case which has interpreted this Lease in the manner espoused by the Debtor is *Joseph Brothers Co. v. F.W. Woolworth Company*, 641 F.Supp. 822 (N.D. Ohio, 1985) *appeal filed.*

8. The Court makes no ruling on the right of Woolworth to recover costs and attorney's fees in connection with this declaratory judgment action.

9. The Order entered herein shall constitute a grant of a partial summary judgment for Woolworth on the issues covered hereby. The Order is not intended to cover any disputes as to roof repairs, parking lot damage claims, dismissal of the bankruptcy case in chief, attempted rejection of the Woolworth Lease, tender of rent into the Registry of the Court, or any other disputes pending between the parties.