cv5-392.dd.kodosky 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00392-CV







Warren Kodosky, Appellant



v.



Michael Cummings and Melissa Cummings, Appellees







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY 


NO. 222,648, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING







PER CURIAM



 Warren Kodosky appeals the trial-court judgment awarding Michael Cummings and
Melissa Cummings $1,658 in damages and attorney's fees in their suit for return of their security
deposit. We will modify the judgment and affirm the judgment as modified.



BACKGROUND


 The Cummings rented a house from Kodosky. They made a $1,000 security
deposit and a $200 pet deposit. Their lease charged them to maintain the grounds and to return
the garage-door opener. At the termination of the lease on August 3, 1994, they did not return
the garage-door opener and the grounds were not in good condition.

 The Cummings and their witnesses testified that the grounds were not in perfect
condition when they moved into the house in August 1993. They said the grass in the back
yard--including the new sod--was mostly brown except for a few places that were in the sun. One
witness said that the new sod in the front yard was also brown and dried out; another witness said
that the front yard began turning green in the spring. The Cummings testified that they watered
the yards according to and exceeding the guidelines provided by the City of Austin. There was
also testimony that the Kodoskys replaced a line of sod in the front yard in May 1994 because
sewer-line installation had destroyed some grass. The Cummings had planted flowers in the beds
and in the strip of missing sod, but the Kodoskys pulled up some of the flowers they had planted
and put in different flowers.

 The Cummings also challenged the other deductions for damage inside the house. 
They testified that, though they had cats, the cats did not tear up or soil the carpet. Their
witnesses testified that the house did not smell like cats lived there. The Cummings did not recall
leaving ashes in the fireplace. (On appeal, they do not challenge the charge for the garage-door
opener.)

 The Kodoskys testified that they never saw the Cummings water the lawn. The
Kodoskys also testified that the carpet was so smelly and abused that they simply replaced it,
though they charged the Cummings only for the cost of cleaning it. They also said they had to
clean ashes out of the fireplace.

 Kodosky sent the Cummings a partial refund of their deposits in August. Along
with a $775 check, he sent the following itemized list of charges:



Rear lawn costs $300

Front and rear flower costs   75

Garage door opener (not returned)   50

Total deductions from deposit $425

The Cummings rejected the check and demanded a full refund. On September 8, 1994, Kodosky
sent a new refund check for $730 and the following itemization of charges:



Cost of SOD $300

Fireplace cleaning 20

Carpet cleaning 100

Cost of remote 50

Total $470



Kodosky explained that the three pallets to resod the rear lawn cost $375, but that he only charged
$300 because some of the old grass had survived. The Cummings accepted the $730 refund, but
sued for the remainder.

 The trial court upheld most of Kodosky's August deductions, but rejected the
September deductions. It approved the deductions for flower costs and the garage-door opener. 
The court found, however, that Kodosky proved only $189 in sodding costs for the back yard. 
The court was unpersuaded by Kodosky's argument that he meant to charge for front and rear
lawn costs in the August itemization.

 The court awarded the Cummings $1,658. The court found that Kodosky
wrongfully withheld $186. The court trebled those damages, finding the withholding done in bad
faith. To that, the court added the $100 statutory penalty and $1,000 in attorney's fees.

 In its findings of facts and conclusions of law, the court found that Kodosky did
not substantiate the charge for the front-yard sod. The court found that Kodosky wrongfully
withheld $156 rather than $186 as determined at trial. The court concluded that the judgment
should be reformed to reflect that amount. The treble damages under that formulation are $468,
producing a total award of $1,568. The court did not, however, reform the judgment.


DISCUSSION


 Kodosky raises four points of error against the judgment. He challenges the legal
and factual sufficiency of the evidence to support the judgment, the legal basis of the judgment,
and the award of attorney's fees.

 By two points of error, Kodosky challenges the evidentiary basis of the judgment. 
By point one, Kodosky attacks the legal and factual sufficiency of the evidence to support the
judgment. He complains by point three about the deficiency of the evidentiary support for the
finding of bad faith. To review a legal-insufficiency/no-evidence point, we consider only the
evidence and inferences supporting the finding and disregard all contrary evidence and inferences. 
Weirich v. Weirich, 833 S.W.2d 942, 945 (Tex. 1992). If any evidence of probative force
supports the finding, we cannot reverse the finding and render judgment. See In re King's Estate,
244 S.W.2d 660, 661 (Tex. 1951). To review a factual-sufficiency point, we must review and
weigh all the evidence. Plas-Tex, Inc. v. United States Steel Corp., 772 S.W.2d 442, 445 (Tex.
1989). We may set the judgment aside only if the favorable evidence is so weak as to render the
judgment clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

 The code establishes duties, presumptions, and penalties regarding failure either
to return a security deposit or to explain the retention of the deposit. The statute states that a
landlord "shall refund a security deposit to the tenant on or before the 30th day after the date the
tenant surrenders the premises." Tex. Prop. Code Ann. § 92.103(a) (West 1995) (emphasis
added). The statute also states that a landlord who is retaining a portion of the deposit to cover
charges owed by the tenant "shall give to the tenant the balance of the security deposit, if any,
together with a written description and itemized list of all deductions." Tex. Prop. Code Ann.
§ 92.104 (West 1995) (emphasis added). These statutes have been read together to require
delivery of the itemization within thirty days of surrender. Wilson v. O'Connor, 555 S.W.2d 776,
779 (Tex. Civ. App.--Dallas 1977, writ dism'd). (1) In a suit by the tenant to recover the withheld
funds, the landlord bears the burden of proving that the retention of the funds was reasonable. 
Tex. Prop. Code Ann. § 92.109(c) (West 1995). A landlord who fails either to return the security
deposit or to provide an itemization of deductions for more than thirty days is rebuttably presumed
to have done so in bad faith. Tex. Prop. Code Ann. § 92.109(d) (West 1995); see Wilson, 555
S.W.2d at 780. A finding that the landlord withheld funds in bad faith results in treble damages
plus $100 penalty and the tenant's reasonable attorney's fees. Tex. Prop. Code Ann. § 92.109(a)
(West 1995). 

 The evidence supported the court's finding regarding the front-yard fees. Though
there was some evidence that the front yard was in worse condition when the Cummings left, there
was also evidence that the front yard still had live grass and that the Cummings watered it
regularly. The water bills show that the Cummings used more than 6600 gallons each month
except for the cool months of December and January. The water bills increased in May-July
1994, the months during which Kodosky assumed watering duties, but those months are hotter and
more water is needed then. Interestingly, the Cummings used 7700 gallons in February, which
equalled the usage in July when Kodosky was watering the lawn. The conflicting and
inconclusive evidence provides sufficient evidence to support a conclusion that Kodosky failed to
prove the reasonableness of the deduction for the front lawn.

 The evidence also supported the court's rejection of the late-filed charges for the
carpet and the fireplace. Numerous witnesses testified that, though old and unstylish, the carpet
was in good condition and not malodorous. These witnesses clearly contradicted Kodosky's
witnesses' statements regarding the bad condition of the carpet. The evidence regarding the
fireplace was less substantial. The thinness of the evidence supports the court's rejection of the
charge because Kodosky did not carry his burden to prove entitlement to the deduction.

 The evidence also supports the finding of bad faith. The late-filed deductions
created a presumption of bad faith. The fact that Kodosky expanded and increased the deductions
in the second statement augmented the aura of bad faith. Kodosky presented no evidence to dispel
this presumption as it regarded the front-yard charges. His charging of $300 for rear lawn costs
in the first letter, when he could only substantiate $189, is evidence of bad faith. His insistence
on the full $300 deduction in the second letter, when the evidence showed that the front-yard
damage was due to sewer-line installation, provides further evidence of bad faith. Kodosky's
explanations provide some counterweight to the evidence of bad faith, but our standard of review
allows us to reverse only if the court's finding was so against the great weight and preponderance
of the evidence as to be manifestly unjust. It was not. The Cummings presented evidence that
they cared for the yard, that Kodosky knew they cared for the yard, and that he still charged them
for damage to it. We overrule points one and three.

 By point two, Kodosky contends that the court erred by denying his deductions for
front lawn repair on the sole basis that he failed to itemize the deductions within thirty days of the
tenants' surrender of the premises. The preceding evidentiary review showed that the evidence
supported the denial of the deduction even when the late-filed deductions are considered. Any
error in excluding consideration of the late-filed deductions was harmless. We overrule point two. 


 By point four, Kodosky contends that the court abused its discretion in awarding
attorney's fees. Kodosky argues that the award was excessive, unreasonable, and not the usual
and customary attorney's fee for this type of claim. He contends that the award was excessive in
comparison to the amount in controversy and awarded. We can reverse for an abuse of discretion
only if the court acted arbitrarily or unreasonably and without reference to any guiding rules and
principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). Courts have
examined several factors in determining the reasonableness of an attorney's fee including: the time
and labor involved, the nature and complexity of the case, the amount of money involved, the
extent of the attorney's responsibility, the skill and experience needed to perform the services,
other employment lost, and the benefit to the client from the representation. See CPS Int'l, Inc.
v. Harris & Westmoreland, 784 S.W.2d 538, 541 (Tex. App.--Texarkana 1990, no writ). The
Cummings' attorney testified that he spent 7.5 hours on the case, including the four hours in trial. 
He charged $125 per hour in nearly his twentieth year of practice in Texas for a bill of $937.50. 
He also requested $140 in expenses for filing and process-serving fees. Kodosky did not cross-examine the attorney and presented no controversion beyond his argument that he was proceeding
pro se so the Cummings should have been able to do without an attorney as well. The court
awarded $1,000. 

 We see no abuse of discretion. The disputed deductions totalled $470, but with
statutory trebling and the penalty, the total potential recovery was $1,510. The amount of time
spent and the billing rate seem quite reasonable. We overrule point four.

 The Cummings request that the judgment be modified to comport with the court's
findings of facts and conclusions of law. We will oblige. We modify the damage finding by
reducing it to $156 rather than $186 as determined at trial. The treble damages are thus $468. 
We do not change the $100 penalty or the attorney's fee award. The total award is now $1,568.

 We affirm the judgment as modified.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Modified and, as Modified, Affirmed

Filed: February 7, 1996

Do Not Publish
1. This case construes the statutory predecessors to the current code sections; in this
instance, any differences between the old statutes and the new code sections are immaterial.