Opinion issued July 15, 2004











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00758-CV




TRACY HARDY, Appellant

V.

11702 MEMORIAL, LTD; BRITISH AMERICAN PROPERTIES OF
HOUSTON, INC.; and THOMAS F. NOONS, Appellees




On Appeal from County Court at Law No. Two
Harris County, Texas
Trial Court Cause No. 744610




O P I N I O N

          This is a landlord-tenant dispute. The tenant, appellant, Tracy Hardy, sued her
landlord, appellees, 11702 Memorial, Ltd.; British American Properties, Inc.; and
Thomas F. Noons,


 for failure to return her $20,250 residential security deposit. 
Landlord counterclaimed for the entire $20,250 security deposit plus $14,017 in
additional damages allegedly due to tenant’s breach of the lease. After a bench trial,
the court entered a take-nothing judgment against both landlord and tenant. Tenant
has presented six issues in this appeal. In her first two issues, tenant contends that the
evidence is factually insufficient to support the trial court’s ruling that tenant was not
entitled to the return of any part of her security deposit. In her third issue, tenant
challenges the trial court’s conclusion of law that she did not prove her case by a
preponderance of the evidence. In her fourth issue, tenant contends she should have
been awarded statutory damages because “Landlord did not meet its burden of
proving good faith” under section 92.109(d) of the Texas Property Code. In her fifth
issue, tenant asserts that the trial court erred in failing to find that landlord sold the
property at 11702 Memorial to Noons, its agent, and that both are therefore jointly
and severally liable to her for return of the security deposit. In her sixth issue, tenant
contends that the trial court erred in concluding that British American, the general
partner of 11702 Memorial, Ltd., was not liable to her. We address only issues four
through six because they are dispositive. We reverse and remand.
 
Background
          Tenant leased a residence from landlord, signed a lease agreement, provided
a security deposit of $20,250, but never occupied the dwelling or paid the first
month’s rent, and thus breached the lease. Landlord leased the residence to another
tenant within a few days of appellant’s breach and recovered rental payments from
the new tenant. Landlord declined to return any portion of the $20,250 security
deposit to tenant and claimed additional damages of $14,017.
          The trial court ruled that landlord and tenant each take nothing and made the
following pertinent findings of fact:
1.On or about September 19, 2000, [tenant] and [landlord] entered
into a written residential lease for the property known as 11702
Memorial Dr., in Houston, Harris County, Texas, requiring a
Security Deposit of $6,500.00 (one month’s rent) and monthly
rental payments of $6,500.00 each, commencing on October 1,
2000.
 
2.[Landlord] then determined that [tenant] had bad credit.
 
3.Thereafter, [landlord] and [tenant] amended the lease contract,
increasing the security deposit agreement.
 
4.[Tenant] paid to [landlord] the sum of $20,250.00 as Security
Deposit under the amended lease.
 
5.[Tenant’s] first month rent of $6,500.00 was due and payable
under the amended lease on October 1, 2000.
 
6.[Landlord] requested that the $6,500.00 due and payable as the
first month’s rent be paid by [tenant] to Greenwood King Realty.
 
7.Greenwood King Realty was entitled to a commission of
$6,500.00 (one month’s rent under the lease contract) from
[landlord] for its effort in leasing the property to [tenant].
 
8.On September 19, 2000, [tenant] wrote and delivered a check to
Greenwood King Realty in the amount of $6,500.00, as requested
by [landlord].
 
9.[Tenant’s] $6,500.00 check (see Finding No. 8 above) was
returned by the bank to Greenwood King Realty unpaid because
[tenant] had previously closed the account on which it was
written.
 
10.On September 29, 2000, [tenant] wrote to [landlord] stating,
“Thank you for allowing me out of the lease at 11702 Memorial
Drive . . . .”
 
11.On October 1, 2000, [landlord] wrote to [tenant] denying that any
such agreement had been made.
 
12.[Landlord] did not agree to allow [tenant] out of the lease.
 
13.[Landlord] then leased the property to a third party.
 
14.On October 9, 2000, [tenant’s] counsel wrote to [landlord]
requesting the return of the Security Deposit and stating that the
letter should be considered as [tenant’s] surrender of possession
of the property to [landlord].
 
15.On October 9, 2000, [tenant] owed [landlord] rent.
 
16.There is no controversy concerning the amount of rent owed.
 
17.On November 8, 2000, [landlord] wrote to [tenant’s] attorney,
describing and itemizing deductions from the Security Deposit
and stating that after such deductions, [tenant] owed [landlord] an
additional $14,017.00.

The court also made the following pertinent conclusions of law:
1.[Tenant] did not prove her case by a preponderance of the
evidence.
 
2.[Tenant] was in default of the terms of the lease agreement
between her and [landlord] when her request for return of the
Security Deposit was made.
 
3.[Landlord] was not required to give [tenant] a description and
itemization of deductions from the Security Deposit.
 
4[Landlord’s] description and itemization of deductions from the
Security Deposit was timely made.
 
5.[Landord] is not liable to [tenant] for the refund of any part of the
Security Deposit.
 
6.[Landlord] is not liable to [tenant] for damages.
 
7.[Landlord] is not liable to [tenant] for attorney fees.
Landlord’s Bad Faith
          In her fourth issue, tenant contends landlord is not entitled to retain any portion
of her security deposit because landlord acted in bad faith in failing to return it. 
Under the Property Code, no landlord has the right to retain any deposit it has
refused, in bad faith, to return.
          Section 92.104 of the Property Code governs the return of security deposits. 
It provides that, before returning a security deposit, a landlord “may deduct from the
deposit damages and charges for which the tenant is legally liable under the lease or
as a result of breaching the lease.” Tex. Prop. Code Ann. § 92.104(a) (Vernon
1995). If the landlord retains all or part of the deposit, it must give the tenant any
balance due, together with a written description and itemized list of all deductions. 
Id. § 92.104(c). 
          Section 92.109(a) of the Property Code governs a landlord’s bad faith. It
provides that, in a suit to recover a security deposit, a landlord who retains a deposit
in bad faith is liable to the tenant for $100, plus three times the portion of the deposit
wrongfully withheld, and the tenant’s reasonable attorneys’ fees. Tex. Prop. Code
Ann. § 92.109(a) (Vernon 1995). An additional result of a landlord’s retention of a
security deposit in bad faith is the forfeiture of the right to retain any portion of the
security deposit. Id. § 92.109(b)(1). Moreover, a landlord who fails either to return
a security deposit or to provide a written description and itemization of deductions
on or before the 30th day after the tenant surrenders possession of the property is
presumed to have acted in bad faith. Id. § 92.109(d).
          A tenant may establish a prima facie case of bad faith by showing that the
landlord failed to refund the deposit within 30 days or that it failed to provide the
itemized list of deductions within 30 days. Wilson v. O’Connor, 555 S.W.2d 776,
780-81 (Tex. Civ. App.—Dallas 1977, writ dism’d). Bad faith implies an intention
to deprive the tenant of a lawfully due refund. Id. at 780. To defeat the presumption,
the landlord must prove his good faith, i.e., “honesty in fact in the conduct or
transaction concerned.” Id. at 780-81. Absent rebutting evidence, the presumption
that the landlord acted in bad faith by failing to return the deposit or provide a written
description and itemization of deductions within 30 days after surrender compels a
finding of bad faith. Id. at 780.
          Tenant pleaded that landlord acted in bad faith by retaining her entire security
deposit and by failing to send her an itemized list of deductions for which she was
legally liable within 30 days of her surrender of the dwelling. On appeal, she
contends the trial court’s ruling that landlord was not liable to her is against the
overwhelming weight of the evidence and is unjust.



Tenant’s Prima Facie Proof of Bad Faith
          Tenant’s lease was to commence on October 2, 2000. The uncontradicted
evidence establishes that she repudiated the lease on September 29, 2000


 and never
occupied the premises. Landlord acknowledged its duty to mitigate damages and
found a new tenant, whose lease commenced on October 3, 2000. On October 9,
2000, tenant’s attorney gave landlord formal notice of “surrender” of the property



and a written statement of tenant’s forwarding address for the purpose of refunding
the security deposit, which triggered Landlord’s obligation to return the deposit or
give her a written description of the damages and charges for which she was liable
within 30 days, i.e., by November 8, 2000. See Tex. Prop. Code Ann. §§ 92.103,
92.107 (Vernon 1995).
          Neither tenant or landlord appeared or testified at trial. The trial consisted of
documentary evidence, tenant’s attorney’s testimony, and landlord’s deposition
testimony. According to tenant’s attorney’s testimony, landlord kept the deposit and
sent tenant a letter dated November 8, 2000, listing “deductions and offsets,” by
facsimile on November 26, 2000 — six days after tenant sent landlord a draft petition
in anticipation of this suit and well outside the 30 day limit for landlord’s compliance
with section 92.103. Landlord’s November 26, 2000 facsimile listed deductions
amounting to $34,267, or $14,017 more than tenant’s $20,250 deposit, and included
a demand for the difference. Tenant’s attorney also testified that when he spoke to
landlord on November 16, landlord acknowledged that, as of that time, he had not yet
responded to tenant’s request for the return of her security deposit. Landlord’s
deposition testimony only stated that the letter with the “deductions and offsets” was
created on November 8, 2000, but did not reflect when the letter was actually sent. 
The uncontradicted evidence that landlord neither returned the deposit nor sent tenant
an itemized list of deductions within 30 days of surrender establishes the presumption
of landlord’s bad faith under section 92.109(d) of the Property Code. The burden,
therefore, shifted to landlord to prove its good faith in withholding the deposit by
rebutting the presumption of bad faith. See Wilson, 555 S.W.2d at 780-81.
Landlord’s Burden of Proof of Good Faith
          Under the plain language of section 92.104 of the Property Code, a landlord 
is entitled to deduct from a tenant’s security deposit only those “damages and charges
for which the tenant is legally liable.” Tex. Prop. Code Ann. § 92.104(a) (emphasis
added). Landlord’s November 26, 2000 facsimile itemized the following deductions
and offsets from tenant’s security deposit:
          (1) First Months Rent                                     $6,500
          (2) Commission Due                                      $6,500
          (3) Lost Rents (3 days @ 213.5 )                  $ 641         10/2/00 to 10/5/00
          (4) Lost Rents (26 days @ 213.5)                  $ 5,551        1/6/02 to 1/31/02
          (5) Lost Rents (one month)                            $ 6,500        2/1/02 to 2/28/02
          (6) NSF Fee                                                    $ 25
          (7) Utilities                                                     $1,100
          (8) Make Ready                                              $ 950
          (9) Cost of Re-letting                                     $6,500
                    TOTAL                                               $34,267
The question under section 92.109(a) is whether landlord proved that each of the
charges was made in good faith. See Wilson, 555 S.W.2d at 780.
          In item (1), landlord deducted $6,500 for the first month’s rent and in item (3),
landlord deducted $641 dollars for lost rent for the 3 days between October 2, 2000
and October 5, 2000. These are duplicate charges for the same time period. Although
landlord was lawfully entitled to one day’s lost rent at $213.50, due to the time
difference between October 2, 2000, when tenant’s lease was set to begin, and
October 3, 2000, when the replacement tenant’s lease began, landlord did not limit
its deductions to one day’s lost rent, but rather attempted to recover by billing for
additional days and by billing twice for the same time period. No evidence supports
deductions for $6,500 for the first month’s rent and deductions at $641 for lost three
days rent.
          In item (2), Landlord demanded a $6,500 commission purportedly due from
tenant for Greenwood King’s efforts in securing tenant as a lessee. The lease,
however, never mentioned that tenant would pay any commission to Greenwood King
or to any other entity for its having secured her as a lessee. The lease states that it
“contains the entire agreement between landlord and tenant and may not be changed
except by written agreement.” The record shows that landlord agreed to pay
Greenwood King for finding a tenant to lease the property, but the lease agreement
between tenant and landlord never incorporated that agreement. Greenwood King is
not a party to this litigation. Landlord may not deduct from the security deposit funds 
that it is not lawfully entitled to keep under the lease.


 See Tex. Prop. Code Ann. §
92.104(a). No evidence supports landlord’s entitlement to deduct commission fees
from tenant’s deposit.
          In item (4), landlord claimed a deduction of $5,551 for future rent for 26 days
in January 2002, and a deduction, in item (5), of $6,500 for future rent for the month
of February 2002. Paragraph 24 of the lease permits landlord, upon tenant’s breach,
to accelerate all rents payable during the remainder of the lease. The record contains
the replacement tenant’s lease, which states a termination date of January 5, 2002 for
the lease of the property, but also contains a provision to automatically renew on a
month-to-month basis. Thus, no evidence in the record establishes landlord’s loss of
rent between the time the replacement tenant’s initial lease period was scheduled to
expire and the termination date of tenant’s lease on February 28, 2002.


 Therefore,
landlord was not legally entitled to deduct items (4) and (5) from tenant’s deposit. 
See Stamp-Ad, Inc. v. Barton Raben, Inc., 915 S.W.2d 932, 936 (Tex. App.—Houston
[1st Dist.] 1996, no writ) (explaining that in breach of contract action, measure of
damages is just compensation for loss actually sustained). No evidence establishes
that landlord incurred any loss of rent from tenant’s breach between January 5, 2000
and February 28, 2002.
          Although the lease expressly states that tenant will pay for utilities directly and
landlord is not responsible for utilities, and although tenant never took possession of
the property, landlord deducted $1,100 for utilities in item (7). Additionally, even
though the lease required tenant to accept the premises “AS IS” and no other mention
was made of any fees to prepare the property for tenant’s arrival, landlord deducted
in item (8) $950 for a “make ready” fee. No evidence establishes that landlord
incurred any debts for utilities and make ready fees or that tenant was legally
obligated under the lease to pay for the deductions.
          Although item (9) deducted $6,500 for the cost of “re-letting,” no evidence in
the record established that the cost was for actual expenses to secure a replacement
tenant, or costs for the time landlord took to secure the replacement tenant, or that
either charge was reasonable. Landlord was only entitled to keep reasonable charges
from the security deposit for actual “costs of re-letting, if Tenant is in default”
according to the lease. The Property Code also confines deductions to actual
expenses to secure a replacement tenant plus a reasonable amount for the landlord’s
time in securing the replacement when a tenant fails to occupy the dwelling on or
before the commencement date of the lease. Tex. Prop. Code Ann. § 92.1031 (a),
(b)(2) (Vernon Supp. 2004). No evidence in the record addressed landlord’s actual
expenses in re-letting or whether any such expenses were reasonable.
          Item (6) is a deduction for $25 for an NSF (non-sufficient funds) fee for
tenant’s returned check for her first month’s rent. Landlord’s deposition testimony
established that tenant “bounced a check on me” and, according to the lease, tenant
agreed to pay landlord $25 for each check returned by the institution on which it was
drawn. The record, however, establishes that tenant wrote the check to Greenwood
King, rather than to landlord. Even though the record reflects that tenant wrote the
first month’s rent check to Greenwood King at landlord’s direction, there is no
evidence that landlord incurred any fees for the returned check tenant wrote to
Greenwood King.
          We conclude that there is no more than a scintilla of evidence that landlord was
entitled to any of the deductions taken from the security deposit. Landlord’s
deductions from the security deposit were attempts to recover for items tenant was not
legally liable for under the lease or the Property Code, and the deductions were not
supported by evidence. To the extent the trial judge’s findings are to the contrary,
they are against the overwhelming weight of the evidence. There is no more than a
scintilla of evidence that was provided by landlord to establish his good faith as
rebuttal of the presumption of bad faith to which tenant was entitled under the
Property Code. Thus, tenant established as a matter of law that landlord acted in bad
faith by failing to return her security deposit and by failing to give her an itemization
of deductions within 30 days of her surrender of the property.
          Relying on section 92.104(c) of the Property Code, landlord contends that it
was not required to comply with section 92.104(a) because tenant owed rent when she
surrendered possession of the premises and there was no controversy concerning the
amount of rent owed. See Tex. Prop. Code Ann. §§ 92.104(a), (c) (Vernon 1995).
Although there is no dispute that tenant owed rent when she surrendered possession
of the premises, there is plainly a controversy concerning the amount of rent owed,
as discussed above. The trial court’s finding of fact that there was no controversy
concerning the amount of rent owed is contrary to the overwhelming weight of the
evidence and is clearly wrong and unjust. Additionally, the trial court’s conclusion
of law that landlord was not required to give tenant a description and itemization of
deductions from the security deposit is also erroneous for the same reason.


 Under
the plain language of section 92.104, landlord’s duty to return tenant’s deposit was
not excused.
          Finally, landlord argues that tenant breached various “covenants,” including
covenants to pay the first month’s rent, to give 30 days’ written notice of surrender,
to return keys and access devices, and to pay late and insufficient fund fees. To the
extent these alleged covenants are not dealt with above, they are preempted by the
statutory rights and duties of a landlord and tenant toward each other under the
Property Code as expressly stated in the Code, which provides for the preemption of
all rights of landlords and tenants under contract, statutory law, and common law that
are inconsistent with the purposes of subchapter 92 of the Property Code. See Tex.
Prop. Code Ann. § 92.061 (Vernon 1995). Section 92.006 of the Property Code
expressly provides, “A landlord’s duty or a tenant’s remedy concerning security
deposits, as provided by Subchapter C [section 92.101 et seq.], D, E, or G,
respectively, may not be waived.” Tex. Prop. Code Ann. § 92.006(a) (Vernon
1995).
          We sustain tenant’s fourth issue.
Joint and Several Liability
          In her fifth issue, tenant contends the trial court erred in failing to find that
landlord sold the property at 11702 Memorial to Noons, its agent, and that both are
therefore jointly and severally liable to her for return of the security deposit. In her
sixth issue, tenant contends the trial court erred in concluding that British American,
the general partner of 11702 Memorial, Ltd., was not liable to her. We consider both
issues together.
          Section 92.105 of the Property Code provides that if the owner sells its interest
in the premises, the new owner is liable for the return of security deposits from the
date it acquires title to the premises, and the person who no longer owns an interest
in the premises remains liable for a security deposit it received while it was the owner
up to the time the new owner delivers to the tenant a signed statement specifying the
dollar amount of the deposit and acknowledging that it has received the deposit and
is responsible for it. Tex. Prop. Code Ann. § 92.105 (Vernon 1995).
          The uncontradicted evidence establishes that on December 1, 2000, Noons, in
his capacity as president of British American Properties of Houston, Texas, Inc., the
general partner of landlord (11702 Memorial, Ltd.), sold the premises to himself. The
record contains no evidence that Noons sent tenant a signed statement stating that he
had received and was responsible for her security deposit. Therefore, both Noons and
landlord are liable to tenant for any judgment entered in her favor on the security
deposit.
          The undisputed evidence also establishes that British American was the general
partner of landlord. General partners are jointly and severally liable for the
obligations of a limited partnership. See Tex. Rev. Civ. Stat. Ann. art. 6132a-1 §
4.03(b) (Vernon Supp. 2004); Tex. Rev. Civ. Stat. Ann. art. 6132b § 3.04 (Vernon
Supp. 2004). Therefore, British American is jointly and severally liable with landlord
for any obligations of landlord.
          We sustain tenant’s fifth and sixth issues.
          Because the foregoing issues are dispositive of this appeal, we decline to
address tenant’s first, second, and third issues.
Conclusion
          We hold that the trial court’s implied finding that landlord proved its good faith
in retaining tenant’s security deposit is contrary to the overwhelming weight of the
evidence and that tenant established as a matter of law landlord’s bad faith in
retaining her entire $20,250 security deposit and demanding $14,107 in additional
damages. Therefore, tenant is entitled to recover jointly and severally from
Defendants 11207 Memorial, Ltd.; British American Properties of Houston, Inc.; and
Thomas F. Noons statutory damages under sections 92.109(a) and (b) of the Property
Code in the amount of (1) $100, plus (2) her entire security deposit of $20,250
multiplied three times for a total of $60,750, plus (3) her reasonable attorney’s fees.
          We reverse and remand to the trial court with instructions that the court hold
a hearing to determine the amount of tenant’s reasonable attorney’s fees and that it,
thereafter, enter judgment in accordance with this opinion.
 
 
                                                             Elsa Alcala
                                                             Justice
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.