**W. Randall ACKERMAN and Roddy Dale Isom, Appellants,**

v.

**Perry N. LITTLE, Appellee.**

**No. 05–83–00967–CV.**

Court of Appeals of Texas, Dallas.

Aug. 10, 1984.

Rehearing Denied Sept. 24, 1984.

Ronald D. Hinds, Dallas, for appellants.

Jean Maier Sheppard, Dallas, for appellee.

Before STOREY, STEWART and SHUMPERT, JJ.

STOREY, Justice.

This is an appeal by W. Randall Ackerman and Roddy Dale Isom, landlords, from a judgment granting Perry N. Little, tenant, recovery of a rental security deposit on a leased townhouse. Pursuant to former TEX.REV.CIV.STAT.ANN. art. 5236e,[1] the court trebled the $300 security deposit, awarded an additional $100 statutory damages, and awarded attorneys' fees of $500. The landlords contend (1) that the court erred in excluding evidence of the damaged condition of the townhouse, as this would demonstrate the landlords' good faith in retaining the deposit; and (2) that the tenant waived his right to recover under the penal provisions of Article 5236e by not furnishing the landlords a forwarding address within thirty days of the surrender of the townhouse. We disagree with the landlords' contentions and, thus, affirm.

The following provisions of article 5236e are applicable to this case:

---

**1.** Act of June 14, 1973, ch. 433, 1973 Tex.Gen. Laws 1182, repealed by Act of June 19, 1983, ch. 576, § 6, 1983 Tex.Gen.Laws 3729 (effective January 1, 1984); now enacted at TEX.PROP.CODE ANN. § 92.101–§ 92.109 (Vernon Supp.Pamp. 1983).

Sec. 2(a) *Security deposits must be refunded* by the landlord to the tenant *within 30 days after the tenant surrenders the premises.* A tenant shall give advance notice of surrender as may be required by the rental agreement. However, advance notice may not be a condition for refund unless the requirement of advance notice is underlined or written in conspicious, bold print in the rental agreement.

Sec. 3(a) *In the event actual cause exists for retaining all or any portion of the security deposit, the landlord shall return to the tenant the balance* of the security deposit, if any, together *with a written description and itemized list of all deductions.* Such deductions shall be limited to damages and charges for which the tenant is legally liable under the rental agreement or as a result of breaching the rental agreement. No security deposit may be retained to cover normal wear and tear.... The burden of proving the reasonableness of such damages or charges shall be on the landlord.

Sec. 4(a) *A landlord who in bad faith retains a security deposit in violation of this Act is liable for $100 plus treble the amount of that portion of the deposit which was wrongfully withheld* from the tenant, *and* shall be liable for *reasonable attorneys' fees* in a lawsuit to recover the security deposit.

(b) *A landlord who in bad faith fails to provide a written description and itemized list of damages and charges* pursuant to the requirements of this *Act, forfeits all rights to withhold any portion of the security deposit or to bring suit against the tenant for damages* to the premises and is *liable* to the tenant for reasonable *attorney's fees* in a lawsuit to recover the security deposit.

(c) In any court action brought by a tenant under this Act, *the landlord bears the burden of proving that his retention of the security deposit or any portion thereof was reasonable.* In this court action the *landlord is not liable for the penalty, treble damages, or at-*torneys *fees* referred to in Subsections (a) and (b) of this section *unless the landlord is found to have acted in bad faith. Failure to return a security deposit within 30 days or failure to provide a written description and itemization of deductions within 30 days is prima facie evidence and a presumption that the landlord acted in bad faith.* (emphasis added).

 It is undisputed that the landlords never returned any of the security deposit and never furnished a written description and itemized list of all deductions pursuant to section 3(a). Therefore, under section 4(c), a presumption arose that the landlords acted in bad faith in retaining the security deposit, and they had the burden of proving such retention was reasonable. Section 4(c) establishes an inference "which permits, but does not compel, a fact finding of bad faith when rebutting evidence is offered; but in the absence of rebutting evidence, the presumption does compel a finding of bad faith." *Fikes v. Tull,* 580 S.W.2d 911, 913 (Tex.Civ.App.—Amarillo 1979, no writ); *Wilson v. O'Connor,* 555 S.W.2d 776, 780 (Tex.Civ.App.—Dallas 1977, writ dism'd). If the landlords are found to have acted in bad faith, they forfeit all rights to withhold any portion of the security deposit or to bring suit against the tenant for damages. Section 4(b).

This court stated in *Wilson,* 555 S.W.2d at 780–81, that "[m]ere retention of the deposit beyond thirty days or failure to furnish the itemized list within thirty days, even though intentional, does not establish the landlord's dishonest intention as a matter of law, although proof of such action constitutes prima facie evidence of bad faith and casts on the landlord the burden of showing his good faith. If the landlord presents evidence of a reasonable excuse for the delay, then a fact issue is presented on which the landlord has the burden of proof."

 The landlords contend that it was error to exclude evidence of the damages caused to the townhouse by the tenant, as

this would be evidence establishing the landlords' good faith in retaining the security deposit. We cannot agree. As stated in *Wilson,* once the landlords retained the tenant's deposit beyond thirty days of the tenant's surrender of the townhouse, the landlords, in order to rebut the presumption of bad faith, were required to present evidence of a reasonable excuse for the *delay* in returning the deposit. Under the circumstances of this case, we are not persuaded that the *condition* of the townhouse would be probative of any excuse for the *delay* in returning the deposit or in failing to provide an itemized list of deductions.

■ The landlords were allowed, however, to introduce other evidence pertaining to their good faith in delaying the return of the deposit beyond thirty days. There was evidence introduced attempting to establish: the landlords' ignorance of article 5236e, despite the fact that one of the landlords was a licensed real estate broker; that the landlords had no knowledge of the requirement that they submit a written itemized statement of deductions from the security deposit; and that the townhouse was the only piece of rental property owned by Ackerman—thus, he was an "amateur" lessor. All of this evidence would be probative of the reason for the landlords' delay in returning the deposit or an itemized list of deductions. The trial judge, as finder of fact, was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *General Motors Corporation v. Grizzle,* 612 S.W.2d 275, 278 (Tex.Civ.App.—Waco 1981, no writ). The court was of course authorized to accept or reject some, all, or none of the testimony. *Gunter v. Molk,* 663 S.W.2d 674, 675 (Tex.App.—Beaumont 1983, writ ref'd n.r.e.). The court obviously did not believe that Ackerman, a licensed real estate broker, was unaware of article 5236e and, thus, did not find the presumption of bad faith to have been rebutted. The record contains no findings of fact or conclusions of law and is silent as to whether any were requested. We, therefore, must presume that all fact issues were found by the trial court in such a way as to support the judgment. *Goodyear Tire and Rubber Company v. Jefferson Construction Company,* 565 S.W.2d 916, 918 (Tex. 1978); *In re Glasco,* 619 S.W.2d 567, 571 (Tex.Civ.App.—San Antonio 1981, no writ).

The landlords also contend that the tenant waived his right to recover under the penal provisions of article 5236e (sections 4(a) & 4(b)) by not furnishing the landlords a forwarding address within thirty days of the surrender of the townhouse. The tenant surrendered the premises on July 15, 1982, and mailed notice of his forwarding address to the landlords on August 6, 1982. A certified mail receipt reflected that the letter was received by the landlords on August 19, 1982. However, the tenant testified that he neither received his deposit nor an itemization of charges within thirty days of August 19 and had still received neither by the time of trial.

■ A tenant's obligation regarding a security deposit is set forth in section 6(a):

> The tenant shall furnish the landlord with a written copy of the tenant's forwarding address for purposes of security deposit refunding. *A tenant's right to a security deposit refund and description of damages is never forfeited for mere failure to furnish a forwarding address to the landlord.* Notwithstanding any other provision of this Act, a landlord is not obligated to return the security deposit or furnish a written description of damages and charges until the tenant has furnished the forwarding address. (emphasis added).

Thus, it is clear that a written copy of the tenant's forwarding address is to be furnished before the landlord is under obligation to refund the deposit. *Johnson v. Huie Properties,* 594 S.W.2d 488, 491–92 (Tex.Civ.App.—Dallas 1980, no writ) (on rehearing); *Michaux v. Koebig,* 555 S.W.2d 171, 174 (Tex.Civ.App.—Austin 1977, no

writ). The statute, however, does not require the tenant to furnish such a forwarding address within thirty days of his surrender, and failure to do so does not waive any rights the tenant may have. The last sentence of section 6(a), read in conjunction with the last sentence of section 4(c), contemplates that a landlord shall have thirty days from the tenant's furnishing of a forwarding address to refund the deposit or provide an itemization of damages before the presumption of bad faith will arise. *See Kramek v. Stewart,* 648 S.W.2d 399, 401 (Tex.App.—San Antonio 1983, no writ). In this case, the landlords received notice of the tenant's forwarding address on August 19, 1982, and, when no refund or itemization of damages was received within thirty days, the tenant filed suit on September 23, 1982. Consequently, the tenant has not waived any of his rights under sections 4(a) and 4(b).

In one cross-point of error, the tenant contends that the court's award of $500.00 as reasonable attorneys' fees is grossly inadequate and against the great weight and preponderance of the evidence. We disagree. "Although this court has power to suggest remittitur of an *excessive* allowance as a condition to affirmance, we are not authorized to *increase* the trial court's allowance of attorney's fees. Allowance of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed without showing that the court abused its discretion." *Reintsma v. Greater Austin Apartment Maintenance,* 549 S.W.2d 434, 437 (Tex.Civ.App.—Austin 1977, writ dism'd) (citations omitted). "The range of what is reasonable is wide, and this court cannot set aside an award merely because it would have allowed more or less." *Rick Furniture Distributing Company, Inc. v. Kirlin,* 634 S.W.2d 738, 742 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). In view of the amount in controversy in this case, we find no abuse of discretion.

Affirmed.