ALLTEX CONSTRUCTION, INC., d/b/a
Willow Point Apartments, Appellant,

v.

Riyad ALAREKSOUSSI, Appellee.

No. 05–83–01378–CV.

Court of Appeals of Texas,
Dallas.

Dec. 31, 1984.
Rehearing Denied Feb. 1, 1985.

Kenneth R. Stein, Matthews, Allen, Carlton & Stein, Dallas, for appellant.

Brian K. Bates, Samuel M. Tidwell & Assoc., Dallas, for appellee.

Before STOREY, VANCE and ALLEN, JJ.

STOREY, Justice.

The issues presented in this landlord-tenant case are (1) whether there is sufficient evidence to support a jury finding of bad faith in withholding a security deposit and (2) whether attorney's fees awarded were reasonable and supported by the evidence. We hold that the record supports the jury's findings of bad faith and that the attorney's fees, as reduced by the trial court's order of remittitur, are reasonable and supported by the evidence. Accordingly, we affirm the judgment.

Riyad Alareksoussi, the tenant, filed suit against Alltex Construction, Inc., the landlord, when Alltex withheld Alareksoussi's $150.00 security deposit and billed him an additional $72.00 for alleged damage to the carpet and for general cleaning. Suit was brought under Act of June 14, 1973, ch. 433, 1973 Tex.Gen.Laws 1182 (Tex.Rev.Civ. Stat.Ann. art. 5236e, codified at TEX. PROP.CODE ANN. §§ 92.101–.109 (Vernon 1984)).

We note at the outset that Alltex furnished a written description and itemization of its claimed deductions within 30 days after Alareksoussi's removal from the premises, as required by statute. See TEX.PROP.CODE ANN. §§ 92.103(a), 92.-104(c) (Vernon 1984). Consequently, no presumption of bad faith on the part of Alltex in withholding the security deposit exists. See TEX.PROP.CODE ANN. § 92.-109(d) (Vernon 1984). The question presented, therefore, is whether the jury finding of bad faith on the part of Alltex finds support in the evidence. Alltex contends that there is no evidence or, alternatively, insufficient evidence to support the finding. We will first consider the sufficiency contention and, in so doing, weigh all the evidence in the case and set aside the verdict only if it is so against the weight and preponderance of the evidence as to be manifestly unjust. See In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

The test for "bad faith" under section 92.109 has been held to be whether the landlord acted in "dishonest disregard of the rights of the tenant"—it is said to imply an "intention to deprive the tenant of the refund lawfully due." Wilson v. O'Connor, 555 S.W.2d 776, 780 (Tex.Civ. App.—Dallas 1977, writ dism'd). Follow-

ing *Wilson*, we hold that more is required to prove bad faith than the mere inability of the landlord to sustain his burden of proving that his deductions were reasonable. Here, the jury found that the $40.00 for cleaning and $177.00 for replacing carpet were not reasonable deductions. Additionally, the jury found that those charges were made in bad faith. This latter finding subjected Alltex to penal sums under the statute of $100.00, treble damages and attorney fees.

The testimony before the jury was conflicting. Regarding the condition of the carpet, Alareksoussi testified that it was stained and spotted when he moved in. The stains and spots were noted on a check-in inventory sheet which was introduced at trial. Alareksoussi testified that he asked the manager to have it cleaned several times but that this was never done. He also testified that as a full-time architecture student he spent most of his time at school; that he never threw wild parties; that he did not keep any pets; and that his only visitors were his friend, Janet Jones, and his father.

Janet Jones testified that the carpet appeared dirty, stained, and had a lingering musty smell when Alareksoussi first moved in. She also testified that he had a lot of furniture which covered most of the living room floor. They both testified that they vacuumed the carpet when Alareksoussi moved out and that it looked the same as when he moved in.

Donna Reading, an assistant manager at the apartments, testified for Alltex. She testified that the carpet was not new when Alareksoussi moved in and agreed that it had the stains to which Alareksoussi and Jones testified. Nevertheless, Reading testified that when Alareksoussi moved in the carpet was "in excellent shape," but when he moved out the entire living-dining room area was matted, dark, stained, and unredeemable through cleaning. She testified that in a six-month period, the term of the lease, this condition could only have resulted from abuse beyond normal wear and tear, that the carpet was then only two

years old, and that most of the apartments' carpets have lasted four years. However, she did not know or have any speculation as to how the carpet attained its condition; she had never been in Alareksoussi's apartment during his tenancy and the management had never received complaints about Alareksoussi. She denied knowledge that Alareksoussi ever requested that his carpet be cleaned.

Reading further testified that she charged Alareksoussi $177.00 because that was approximately half the cost of replacing the carpet. She stated that she charged only behalf because there were stains on the carpet before he moved in. She stated that the $177.00 figure was based on "calls to several carpet replacement people" resulting in an average price for new carpet. She testified that new carpet was later purchased for the apartment.

Regarding the cleaning charges, Alareksoussi and Jones testified that they thoroughly cleaned the apartment and, specifically, that each had cleaned the kitchen and bathroom. Reading testified that four hours of cleaning at ten dollars per hour were done to correct problems beyond ordinary wear and tear. They "recleaned everything," specifically, the shower tile, the outside of the cabinets, the refrigerator, and the stove.

Also before he left, Alareksoussi requested the management to give him a joint inspection on three separate occasions, but he was put off each time. Later, he received a letter from Alltex informing him of total charges against his deposit of $222.00: $5.00 for a light bulb, $40.00 for "4 hrs. cleaning 10.00 hr.," and $177.00 for "carpet very soiled and stained."

 This evidence is clearly sufficient to support the jury's finding that the charges made by Alltex were not reasonable. This is true if for no other reason than the jury was the sole judge of the credibility of the witnesses. However, conflicting evidence on the condition of the apartment alone would hardly be sufficient to prove bad faith on the part of Alltex at

the time the charges were demanded. We conclude, nevertheless, that this evidence coupled with certain uncontroverted testimony before the jury is sufficient to support the finding of bad faith.

The uncontroverted evidence shows that: (1) the carpet was not new and was spotted and stained before Alareksoussi moved in; (2) Alltex knew of the carpet's condition because their own records show the carpet was damaged before Alareksoussi moved in; (3) Alltex charged an arbitrary amount for alleged damages to the carpet; (4) the charge for the carpet was not based on actual cost; (5) the itemized list of deductions was vague and ambiguous; and (6) despite his repeated requests, Alltex did not give Alareksoussi a joint inspection of the apartment when he checked out.

From these facts combined with the fact that Alltex failed to prove the charges were reasonable, the jury could have found that Alltex acted in dishonest disregard of Alareksoussi's rights and, therefore, had the intent to deprive him of the refund Alltex knew or had reason to know was lawfully due. We cannot say that the evidence in support of the jury finding is so weak or that the contrary evidence is so overwhelming that the finding should be set aside. Accordingly, the judgment is also affirmed with respect to the "no evidence" complaint.

Next, appellant complains that the trial court erred in awarding Alareksoussi attorney's fees of $3000.00 because that amount is excessive, unreasonable, and not supported by sufficient evidence. Alareksoussi complains that the trial court's order of a $1000.00 remittitur was an abuse of discretion.

■ Alareksoussi's attorney testified that the time expended on this case through post trial motions would amount to about $4000.00, that his rate was reasonable, and that the time spent on the case was reasonable and necessary. The jury found $4000.00 to be a reasonable attorney's fee. We hold that the evidence presented was sufficient to support the jury finding. The trial court found this amount to be excessive and ordered a remittitur of $1000.00. We are not persuaded that $3000.00 for attorney's fees is excessive, nor do we find that the order of remittitur was manifestly unjust. "We are reluctant to substitute our notion of excessiveness for both that of the jury and of the trial court." *Accent Builders Co. v. Southwest Concrete Systems, Inc.*, No. 82–1478 (Tex.App.—Dallas, Aug. 28, 1984, writ requested) (not yet reported). Accordingly, we affirm the award of attorney's fees.

Affirmed.