R. Brooks REED, Appellant,

v.

John R. FORD and Juanita C. Ford, Appellees.

No. 05–87–01382–CV.

Court of Appeals of Texas, Dallas.

Oct. 7, 1988.

2. Lessor also offered an attorney's affidavit which furnished no support for the judgment on the merits.

Kenneth T. Horton, Dallas, for appellant.

Charles A. Gall, Will S. Montgomery, Dallas, for appellees.

Before HOWELL, ROWE and THOMAS, JJ.

HOWELL, Justice.

Appellant R. Brooks Reed (Tenant) appeals the trial court judgment in favor of appellees John R. and Juanita C. Ford (Owner). Tenant sued Owner seeking a refund of a $4,500.00 security deposit posted in connection with Tenant's lease of a house from Owner. Tenant contends that the trial court erred in interpreting the parties' rental agreement to allow Owner to retain the security deposit and in directing a verdict in favor of Owner on the issue of whether Owner acted in bad faith in retaining Tenant's security deposit. For the reasons explained below, we reverse the judgment of the trial court.

Tenant leased a home from Owner for an initial term of twelve months, beginning June 15, 1985, and ending June 14, 1986. The lease called for a monthly rental of $2,800.00 and a $4,500.00 security deposit. The lease, which was a form lease that Owner had obtained from a local realtor, included the following provisions regarding termination of the lease.

22nd. (HOLDOVER) Any holding over by the Tenant of the hereby leased premises after the expiration or other termination of this lease shall operate and be construed as a tenancy at sufferance at double the rental rate provided above prorated by the day, and the Tenant agrees to surrender the premises upon twenty four hours oral or written notice.

\*　　\*　　\*　　\*　　\*　　\*

26th. (NOTICE OF TERMINATION) 30 DAYS NOTICE, *IN WRITING ONLY*, MUST BE GIVEN BY TENANT PRIOR TO THE EXPIRATION OF THIS LEASE STATING HIS INTENT TO VACATE OR NEGOTIATE A RENEWAL. This contract will be automatically renewed on a month to month basis unless this notice of termination is given and/or a renewal agreement has been signed by all parties.

\*　　\*　　\*　　\*　　\*　　\*

32nd. (SECURITY DEPOSIT AGREEMENT) Receipt is hereby acknowledged by all parties herein of payment by the Tenant of $4,500.00 security deposit. THIS DEPOSIT WILL NOT BE USED AS ANY PORTION OF THE LAST MONTH'S RENT. It is entirely refundable only after each of the following conditions have been met:

A. Tenant must give written notice according to paragraph 26 of this Lease Agreement.

B. Tenant must have fully complied with all provisions of the lease, including payment of all rentals for the full term of the lease and all obligations for maintenance during the term of the lease.

C. At time of move out, all items must be paid in full through the end of the lease term, or through the date required by written notice agreement.

TENANT MAY NOT APPLY SECURITY DEPOSIT TO RENT. Tenant agrees that the full monthly rent will be paid on or before the due date each month, including the last month of occupancy.

D. A WRITTEN COPY OF TENANT'S FORWARDING ADDRESS MUST BE LEFT WITH LANDLORD OR HIS AGENT.

Tenant did not give written notice of intent to vacate on or before May 14, 1986, being the thirtieth day before expiration of the initial term. Neither did Owner notify Tenant of any intent not to renew. However, after May 14, the parties began negotiating a possible renewal of the lease for another year. Although they had not agreed on a new lease before the termination date, June 14, 1986, Tenant remained in the house, and Owner accepted from him a check for rent through June 30, 1986.

In the latter part of June, Owner offered to renew for a monthly rental of $2,600.00. When Tenant refused, Owner informed Tenant that Owner intended to keep the security deposit, suggesting that Tenant might find it more economical to accept Owner's offer than lose the deposit. The parties were still unable to negotiate a renewal.

On approximately June 25, 1986, Tenant received a letter from Owner stating that Owner considered him a holdover tenant under paragraph 22 of the lease and demanding that he vacate by July 1. Tenant vacated the house in accordance with Owner's demand and gave Owner his forwarding address. Tenant claims, and Owner does not dispute, that Tenant left the house in excellent condition. By letter dated July 1, 1986, Owner informed Tenant that Owner would not return Tenant's security deposit. Owner asserted in his letter that Tenant had failed to comply with paragraph 32 of the lease. Owner further stated that he was holding the deposit to offset the additional rent due under paragraph 22 of the lease.

Tenant sued Owner, seeking a refund of his security deposit as well as penalties and attorneys' fees under the Texas Property Code. TEX.PROP.CODE ANN. § 92.109 (Vernon 1984). Owner counterclaimed for attorneys' fees. The trial court ruled that Owner had rightfully retained the security deposit under paragraph 32 of the lease because Tenant had not given notice as required by paragraph 26. The trial court permitted Tenant to go to the jury on his alternative theory that Owner had waived his right to the deposit but directed a verdict against Tenant on his claim that Owner acted in bad faith in retaining his deposit. The jury found that Owner had not waived the right to retain the deposit.[1] The trial court entered judgment that Tenant take nothing and that Owner recover his attorneys' fees.

## OWNER'S RIGHT TO RETAIN THE SECURITY DEPOSIT

Tenant's first four points of error complain of the trial court's interpretation of the lease agreement and its rulings based on that interpretation. Tenant contends that the trial court erred in holding that Owner's retention of the security deposit was rightful on grounds that Tenant had failed to comply with paragraphs 26 and 32.

Tenant contends that paragraph 26, when considered as a whole, provided him with two distinct options, either terminating by giving timely notice, or suffering an automatic month-to-month renewal by virtue of inaction. Of course, once renewed on a month-to-month basis, the lease required thirty days' notice of termination.

Owner argues that paragraph 26 imposed on Tenant the unqualified obligation to give thirty days' advance notice of his intentions, whatever they may be, and the mere failure to give such a notice vested owner with the right to retain the deposit. We are not inclined to give so stringent an interpretation to a standardized lease form.

Neither party contends that the lease agreement is ambiguous; therefore, all

---

1. Tenant does not appeal this finding.

questions of its interpretation are questions of law for the court. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983). In *Myers v. Ginsburg,* 735 S.W.2d 600 (Tex.App.— Dallas 1987, no writ), this Court summarized the principles governing construction of a lease as follows:

A lease will be given a reasonable construction that will carry out the intention of the parties, and in case of any doubt as to that intention, it will be construed most strongly against the lessor. Construction of a lease that is unreasonable or unequal should be avoided, and that construction which is most obviously just is to be favored. In construing a paragraph in a lease, we must consider all provisions of the lease.

*Id.* at 603 (citations omitted).

To obtain a full refund, paragraph 32 required Tenant to give written notice "according to paragraph 26." The first sentence of paragraph 26 required written notice thirty days "prior to the expiration of *this lease.*" [2] However, the second sentence of paragraph 26 provided that if no timely notice were given, the agreement would not expire but would be automatically renewed on a month-to-month basis.

Considering paragraph 26 as a whole, we conclude that Tenant's interpretation is correct. A construction resulting in a forfeiture is to be avoided if a reasonable alternative construction is available. *See Frank v. Kuhnreich,* 546 S.W.2d 844, 848 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.) (rejecting construction resulting in tenant's forfeiture of lease). Paragraph 26 required Tenant only to give thirty days advance notice if he wished to terminate at the close of the primary term. Failure to give such notice caused the commencement of a month-to-month tenancy. Paragraph 32 declared the conditions under which the deposit would be "entirely refundable." Thus, it did not explicitly authorize Owner to retain the entire deposit on failure to give notice. We interpret the lease as permitting Owner to retain only an amount equal to his actual damages resulting from the failure to give notice. *Cf.*

*Thrift v. Johnson,* 561 S.W.2d 864, 868–69 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ) (construing predecessor statute as requiring landlord who retains security deposit for lack of proper notice to prove that tenant is legally liable for damages or charges equal to or in excess of the amount retained). Our interpretation is consistent with the public policy, expressed in the Texas Property Code, of remedying potential abuses regarding landlords' retention of security deposits. *See* TEX.PROP. CODE ANN. §§ 92.103, 92.104, 92.109 (Vernon 1984).

It follows that Tenant's failure to give notice on May 14th did not authorize Owner to retain Tenant's deposit. Instead, the lease was automatically renewed, and Tenant was entitled to a refund of the entire deposit so long as he gave thirty days' written notice before terminating the resultant month-to-month tenancy. Because Owner's subsequent demand prevented Tenant from fulfilling his thirty-day notice requirement, we treat the notice requirement as fulfilled. *See Sargent v. Highlight Broadcasting Co.,* 466 S.W.2d 866, 867 (Tex.Civ.App.—Austin 1971, no writ) ("[w]here the obligation of a party depends upon a certain condition being performed, and the fulfillment of that condition is prevented by the act of the other party, the condition is considered as fulfilled"); *see also Sanderson v. Sanderson,* 130 Tex. 264, 109 S.W.2d 744, 749 (1937). Owner does not dispute that Tenant fulfilled the other requirements for a refund of his entire deposit. We hold that after complying with a demand that he vacate, Tenant was entitled to a refund of his security deposit. TEX.PROP.CODE ANN. § 92.103(a) (Vernon 1984).

### BAD FAITH

■ In his fifth point of error, Tenant complains that the trial court erred in directing a verdict for Owner on Tenant's claim that Owner acted in bad faith in retaining his security deposit. The Texas Property Code requires a landlord to return

**2.** Emphasis added.

a tenant's security deposit, less any deductions or charges for which the tenant is liable, within thirty days after surrender of the premises. TEX.PROP.CODE ANN. §§ 92.103(a), 92.104(a) (Vernon 1984). If the landlord retains all or part of the security deposit to cover the tenant's liabilities under the lease, he must provide the tenant with a written description and itemized list of the deductions. TEX.PROP.CODE ANN. § 92.104(c) (Vernon 1984). A landlord who in bad faith retains a security deposit in violation of these code provisions is liable for an amount equal to the sum of $100.00, plus three times the amount wrongfully withheld, together with the tenant's attorney's fees. TEX.PROP.CODE ANN. § 92.109(a) (Vernon 1984).

■ A landlord acts in bad faith when he retains the security deposit in dishonest disregard of the tenant's rights. Bad faith requires an intent to deprive the tenant of a refund known to be lawfully due. *Alltex Construction, Inc. v. Alareksoussi,* 685 S.W.2d 93, 94 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). If the landlord fails to either return the security deposit or provide a written description and itemized list of deductions within thirty days after the tenant surrenders the premises, the Property Code creates a presumption that the landlord acted in bad faith. TEX.PROP.CODE ANN. § 92.109(d) (Vernon 1984).

In the present case, Owner timely presented Tenant with a letter explaining Owner's basis for retention of the deposit, making the statutory presumption inapplicable. *Alareksoussi,* 685 S.W.2d at 94. Unaided by the presumption, we must determine whether there was submissible evidence of bad faith.

A directed verdict can be upheld only if the record contains no evidence of probative force to raise a material fact question. *Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983). We must view the evidence in the light most favorable to the party against whom the verdict has been directed, rejecting all contrary evidence and inferences. *Id.* If reasonable minds can differ on the resolution of controlling facts,

jury issues exist and the directed verdict may not stand. *Id.*

There was evidence at trial that Owner suggested to Tenant that Owner would refuse a refund of Tenant's deposit unless Tenant agreed to renew the lease on the terms proposed by Owner. The jury could have interpreted such conduct as a willful act of coercion. It follows that a jury issue existed as to Owner's bad faith; the trial court erred in directing a verdict in favor of Owner. Tenant's fifth point of error is sustained.

The case is reversed and remanded for proceedings not inconsistent herewith.