**AFFIRM in Part, REVERSE in Part, and RENDER; Opinion Filed November 7, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00879-CV

**LORRIE FRAZIN, Appellant**
**V.**
**MARC SAUTY AND BENEDICTE SAUTY, Appellees**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-00258-C**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Fillmore, and Justice Brown
Opinion by Justice Fillmore

Lorrie Frazin appeals the final judgment in favor of Marc Sauty and Benedicte Sauty (the

Sautys), awarding them damages for the failure of Frazin to return a residential lease security

deposit. In two issues, Frazin asserts the jury verdict does not support a judgment in favor of the

Sautys because an essential element of their claim for statutory damages was not included in the

jury charge, and the trial court erred in awarding prejudgment interest on exemplary and

statutory damages. We reverse the trial court's judgment awarding prejudgment interest and

render judgment deleting the award of prejudgment interest. We affirm the trial court's

judgment in all other respects.

### Factual Background

The Sautys entered into an agreement with Frazin for the lease of residential property in

Dallas, Texas (the Lease Agreement). The term of the Lease Agreement commenced on July 1,

2008 and ended on June 30, 2009.[1] In conjunction with the Lease Agreement, the Sautys provided a security deposit in the amount of $2,195.00. A few months after commencement of the lease term, Marc Sauty's employer notified him that he was being transferred to France, and the Sautys provided written notice to Frazin that they would be leaving the leased residence at the end of November 2008. On December 24, 2008, the Sautys provided Frazin with their forwarding address and phone numbers in France.

The Sautys continued to make monthly lease payments, as well as payments for lawn and pool maintenance and utilities, for the duration of the Lease Agreement. The Lease Agreement expired by its own terms at the end of June 2009. On August 18, 2009, Marc Sauty emailed Frazin stating, "I believe it will be time now for us to get the Deposit back from [sic], as rental has officially stopped on June 30th. Can you send me the check back by mail to my new address [included] below?" On August 28, 2009, Frazin provided the Sautys with notice of intent not to return any of the security deposit:

> I am very sure that your termination of electric service on the morning of June 31st [sic] was an oversight on your part. You were, of course, responsible for the utilities through the end of your lease term, including the 31st [sic].
>
> Regrettably, we had a painter making the property ready for the new tenants on the 31st [sic], and they were prevented from finishing their job because the electricity was cut off.
>
> More regrettably, the delay that was caused in restoring service that was cut off (as opposed to just changing the name of the account) even though we paid approximately $90.00 for an emergency turn on, lasted 3 days. By the time the electricity was back on for the work to be finished, we had lost the new tenant.
>
> As the unfortunate result of having the electricity turned off before your lease term was over, in addition to the lost rent in July, because of the way the rental market works, we have not yet found a tenant for August or September.

---

[1] The parties acknowledge the Lease Agreement incorrectly provides the end of the lease term was June 31, 2009; there are only thirty days in the month of June and the parties have operated pursuant to a tacit understanding that the Lease Agreement's term ended on June 30, 2009.

I fully understand you surly [sic] did not intend to breach your lease commitment in turning off electric service early, and likely you had not thought about the possibility that repairs needed to be made for a new tenant.

With regret, because of the losses caused by your failure to fulfill your lease obligation, the security deposit has been applied, and not refunded to you.

Additionally, there was a very small drip in the utility room. Unfortunately, it was small enough not to be readily noticed, but large enough to dampen the inner wall. The drip caused rot and black mold inside the wall, and the wall need [sic] to be repaired. The cost of that repair was $735.00 including parts and labor.

The movers apparently knocked holes in the wall in the foyer and hall, the cost of those repairs was $98.00. A door was also severely dented, but has yet been repaired.

Technically, I am obligated to request that you reimburse those expenses. In light of our long and personal history, the request for that reimbursement is only technical.

No portion of the security deposit was refunded to the Sautys.

## Procedural Background

This cause originated as a small-claims-court lawsuit brought by the Sautys against Frazin for "failure to return deposit." The Sautys prevailed in that forum, and Frazin pursued an appeal de novo to the county court at law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.001 (West 2015); TEX. R. CIV. P. 506.1.

The Sautys filed a motion for summary judgment in the county court, asserting they were entitled to judgment as a matter of law because there were no genuine issues of material fact relating to their claim that Frazin failed to return their security deposit in bad faith. Frazin responded to the motion for summary judgment arguing she had raised genuine issues of material fact regarding the Sautys' claim. The county court granted the Sautys' motion for summary judgment and awarded them $5,685 in damages, but denied their request for attorney's fees because they failed to include a request for attorney's fees in their petition filed in the justice of the peace court.

–3–

Frazin appealed the county court's judgment in favor of the Sautys. We concluded Frazin had raised a genuine issue of material fact regarding whether she retained the security deposit in violation of chapter 92, subchapter C of the property code, precluding traditional summary judgment on the Sautys' claim for failure to return the security deposit. *Frazin v. Sauty*, No. 05-12-00137-CV, 2014 WL 3828210, at *7 (Tex. App.—Dallas Aug. 5, 2014, no pet.) (mem. op.).

Following remand of the case to county court, the Sautys' claim for damages resulting from Frazin's failure to return the security deposit was tried before a jury. Frazin requested that the following question be included in the jury charge:

> Question: Did Defendant Lorrie Frazin fail to provide a written description and itemization of deductions to the Plaintiffs Marc Sauty and Benedicte Sauty on or before the 30th day after the date the tenants surrendered possession, if such written description and itemization was required?

The jury charge included the question of whether Frazin provided a written description and itemized list of damages and charges to the Sautys within thirty days of the end of the lease term and receipt of a written statement of the Sautys' forwarding address.[2] Frazin requested a jury question, conditioned upon an affirmative finding that she failed to provide a written description and itemization of deductions from the security deposit, inquiring whether she had acted in bad

---

[2] Frazin requested an instruction that the landlord is not required to give the tenant a description and itemized list of deductions if the tenant owes rent when he surrenders possession of the premises and there is no controversy concerning the amount of rent owed. The trial court denied Frazin's request for that instruction. Frazin requested an instruction that the landlord is not obligated to provide the tenant a written description of damages and charges until the tenant gives the landlord a written statement of the tenant's forwarding address for the purpose of refunding the security deposit. The trial court granted Frazin's request for this instruction and included that instruction in the jury charge.

The jury charge as submitted to the jury included the following instructions:

a) before returning a security deposit, the landlord may deduct from the deposit damages and charges for which the tenant is legally liable under the lease or as a result of breaching the lease; b) the landlord may not retain any portion of a security deposit to cover normal wear and tear; and c) if the landlord retains all or part of a security deposit under this section, the landlord shall give to the tenant the balance of the security deposit, if any, together with a written description and itemized list of all deductions. The landlord is not obligated to give the tenant a written description of damages and charges until the tenant give [sic] the landlord a written statement of the tenant's forwarding address for the purpose of refunding the security deposit.

faith.[3] The trial court denied Frazin's request for the jury question as to whether she had acted in bad faith by failing to provide to the Sautys a written description and itemization of deductions from the security deposit.

In response to jury questions, the jury found that Frazin failed to return the security deposit to the Sautys, and the Sautys were entitled to a refund from Frazin of $2,195.00, the full amount of the security deposit. The jury also answered that Frazin did not provide a written description and itemized list of damages and charges to the Sautys within thirty days from the end of the lease term and receipt of a written statement of the Sautys' forwarding address.

The trial court signed a final judgment setting out the jury's findings. Based on the jury's findings that the Sautys were entitled to a full refund of the security deposit and Frazin "[failed to provide] a written description and itemized list of damages and charges" to the Sautys within thirty days from the end of the lease term, the trial court found as a matter of law that Frazin acted "in bad faith." Accordingly, the final judgment awards the Sautys statutory damages of $100.00, and three times their actual damages of $2,195.00, for a total of $6,685.00. *See* TEX. PROP. CODE ANN. § 92.109(a) (West 2014). The final judgment also awards the Sautys costs in the amount of $865.68, statutory prejudgment interest from June 30, 2009 to the date of judgment, and statutory post-judgment interest.

## Jury Charge Error

In her first issue, Frazin asserts the jury verdict does not support a judgment in the Sautys' favor because an essential element of the Sautys' claim for statutory damages under the property code, that Frazin acted in bad faith, was omitted from the jury charge, despite her objection to the trial court's failure to include in the charge her requested jury question on

---

[3] The trial court denied Frazin's request for inclusion of the following instructions in the jury charge: "'Bad Faith' is an intention to deprive the tenant of a refund lawfully due. If a landlord did not know that she was not entitled to retain the deposit to recover for damages, then the landlord did not act in bad faith."

whether she acted in bad faith by failing to provide a written description and itemized list of damages and charges to the Sautys. Frazin argues a finding of bad faith is essential to the Sautys' claim for statutory damages.

*Standard of Review*

To determine whether an alleged error in the jury charge is reversible, we must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety. *Island Recreational Dev. Corp. v. Republic of Tex. Savs. Ass'n*, 710 S.W.2d 551, 555 (Tex. 1986). Alleged error will be deemed reversible only if, when viewed in the light of the totality of the circumstances, it "amounted to such a denial of the rights of the complaining party as was reasonably calculated and probably did cause the rendition of an improper judgment." *Id*. at 555; *see also* TEX. R. APP. P. 44.1(a)(1)(a). A trial court must submit the questions to the jury which are raised by the pleadings and the evidence. *See* TEX. R. CIV. P. 278 (court shall submit the questions, instructions and definitions which are raised by written pleadings and evidence). Each element of a cause of action is "essential and material to the cause of action, and therefore is an ultimate issue." *Daves v. Comm'n for Lawyer Discipline*, 952 S.W.2d 573, 578 (Tex. App.—Amarillo 1997, writ denied).

*Applicable Law*

Chapter 92, subchapter C, of the property code governs a security deposit associated with a residential lease. TEX. PROP. CODE ANN. §§ 92.101–92.110 (West 2014 & Supp. 2015); *Pulley v. Milberger*, 198 S.W.3d 418, 427 (Tex. App.—Dallas 2006, pet. denied).[4] Except as provided

---

[4] A security deposit is defined as "any advance of money, other than a rental application deposit or an advance payment of rent, that is intended primarily to secure performance under a lease of a dwelling that has been entered into by a landlord and a tenant." TEX. PROP. CODE ANN. § 92.102 (West 2014); *Pulley*, 198 S.W.3d at 427.

by section 92.107 of the property code,[5] a landlord "shall refund a security deposit to the tenant on or before the 30th day after the date the tenant surrenders the premises."  TEX. PROP. CODE ANN. § 92.103(a) (West. 2014).  "Before returning a security deposit, the landlord may deduct from the deposit damages and charges for which the tenant is legally liable under the lease or as a result of breaching the lease."  *Id*. § 92.104(a) (West 2014).  However, if the landlord retains all or part of the security deposit under section 92.104, the landlord shall give the tenant the balance of the security deposit, if any, together with a written description and itemized list of all deductions.  *Id*. § 92.104(c).[6]  Further, the landlord is not required to provide the tenant a written description and itemized list of deductions from the security deposit if the tenant owes rent when he surrenders possession of the premises and there is no controversy concerning the amount of rent owed. *Id*.

Subchapter C of chapter 92 establishes two causes of action that permit a tenant to seek recovery of his security deposit from his landlord.  *See* TEX. PROP. CODE ANN. § 92.109(a), (b); *Pulley*, 198 S.W.3d at 427.  Each of these causes of action provides the tenant with a different remedy.  *See* TEX. PROP. CODE ANN. § 92.109(a), (b); *Pulley*, 198 S.W.3d at 427.

The first cause of action involves a landlord's bad faith retention of the security deposit and is established in section 92.109(a).  *See* TEX. PROP. CODE ANN. § 92.109(a); *Pulley*, 198 S.W.3d at 428.  When a landlord is found liable under section 92.109(a), the tenant may recover from the landlord: (1) an amount equal to the sum of $100; (2) three times the portion of the security deposit wrongfully withheld; and (3) the tenant's reasonable attorney's fees in a suit to

---

[5] Under section 92.107(a), the landlord "is not obligated to return a tenant's security deposit or give the tenant a written description of damages and charges until the tenant gives the  landlord a written statement of the tenant's forwarding address for the purpose of refunding the security deposit."  TEX. PROP. CODE ANN. § 92.107(a) (West 2014); *see also Pulley*, 198 S.W.3d at 427.

[6] We note that subchapter C employs various terms that appear to be synonymous to describe the obligation of a landlord to notify the tenant of reasons for security deposit retention: "accounting" and "written description and itemized list of all deductions," *see* TEX. PROP. CODE ANN. § 92.104; "accounting of security deposit deductions," *id*. § 92.1041 (West 2014); "description of damages and charges" and "written description of damages and charges," *id*. § 92.107(a); and, "written description and itemized list of damages and charges" and "written description and itemization of deductions," *id*.§ 92.109(b), (d). *See also Sauty*, 2014 WL 3828210, at *6 n.3.

recover the security deposit. TEX. PROP. CODE ANN. § 92.109(a); *Pulley*, 198 S.W.3d at 428. To prevail under this cause of action, the tenant must prove the landlord: (1) acted in bad faith; and (2) retained the security deposit in violation of chapter 92, subchapter C of the property code. *Pulley*, 198 S.W.3d at 428; *Sauty*, 2014 WL 3828210, at *5.

The premise of the second cause of action is the landlord's bad faith failure to account for the security deposit. *See* TEX. PROP. CODE ANN. § 92.109(b); *Pulley*, 198 S.W.3d at 428. A landlord who in bad faith does not provide the tenant with a written description and itemized list of damages and charges in violation of chapter 92, subchapter C of the property code "forfeits the right to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises" and is liable for the tenant's reasonable attorney's fees in a suit to recover the security deposit. TEX. PROP. CODE ANN. § 92.109(b); *Pulley*, 198 S.W.3d at 428; *Ackerman v. Little*, 679 S.W.2d 70, 73 (Tex. App.—Dallas 1984, no writ); *see also Lost Creek Ventures, LLC v. Pilgrim*, No. 01-15-00375-CV, 2016 WL 3569756, at *4 (Tex. App.—Houston [1st Dist.] June 30, 2016, no pet.) (mem. op.) (if landlord in bad faith does not provide written description and itemized list of damages and deductions withheld from tenant's security deposit, it forfeits right to withhold any portion of deposit or to bring suit against tenant for damages to premises). To prevail under this cause of action, the tenant must prove the landlord: (1) acted in bad faith; and (2) failed to provide the tenant with: (a) "a written description of the damages in violation of chapter 92, subchapter C" of the property code; and (b) an "itemized list of the deductions in violation of chapter 92, subchapter C" of the property code. *Pulley*, 198 S.W.3d at 428.

"Bad faith is presumed when a landlord fails to: (1) return the security deposit; or (2) provide a written description of the damages and an itemized list of all deductions within thirty days after the tenant surrenders the premises." *Id.*; *see* TEX. PROP. CODE ANN. § 92.109(d); *see*

*also Pilgrim*, 2016 WL 3569756, at *4 (bad faith presumed if landlord fails either to return security deposit or provide written description and itemization of deductions on or before thirtieth day after tenant surrenders possession of premises).[7]  To defeat the presumption of bad faith, the "landlord must prove his good faith, i.e., honesty in fact in the conduct or transaction concerned."  *Pulley*, 198 S.W.3d at 428.  "In an action brought by a tenant under this subchapter, the landlord has the burden of proving that the retention of any portion of the security deposit was reasonable."  TEX. PROP. CODE ANN. § 92.109(c); *see also Pulley*, 198 S.W.3d at 429 ("Even when a landlord defeats the presumption of bad faith in an action under section 92.109(a) as to the failure to return security deposits, the landlord has another hurdle.  He must prove the retention of any portion of the security deposit was reasonable.").

### *Pleadings of the Parties*

In their pleading, the Sautys' sued Frazin for "failure to return deposit."  Frazin generally denied the Sautys' allegation.  "A landlord's rebuttal of the statutory presumption of bad faith and proof of the reasonableness of his retention of the security deposit is asserted by his denial of the tenant's claims of bad faith retention of the security deposit."  *Pulley*, 198 S.W.3d at 425.  Accordingly, a landlord is "not required to plead as affirmative defenses the absence of bad faith, that the charges offset against the security deposit were reasonable, or that he had a reasonable excuse for failing to refund the security deposit or give the [tenants] an itemized list of the deductions."  *Id*.  Frazin's general denial effectively asserted both her denial of a claim of bad faith retention of the security deposit and her contention that the retention of the security deposit was reasonable, and that she had a reasonable excuse for failing to refund the security deposit and for failing to give the Sautys an itemized list of "damages and charges."

---

[7] A landlord acts in bad faith when he retains the security deposit in dishonest disregard of the tenant's rights.  *Pulley*, 198 S.W.3d at 428; *see Reed v. Ford*, 760 S.W.2d 26, 30 (Tex. App.—Dallas 1988, no writ); *Alltex Constr., Inc. v. Alareksoussi*, 685 S.W.2d 93, 94 (Tex. App.—Dallas 1984, writ ref'd n.r.e.).  Bad faith implies an intention to deprive the tenant of a lawfully due refund.  *Pulley*, 198 S.W.3d at 428; *see Reed*, 760 S.W.2d at 30; *Alltex Constr.*, 685 S.W.2d at 94; *Wilson v. O'Connor*, 555 S.W.2d 776, 780 (Tex. Civ. App.—Dallas 1977, writ dism'd).

*Jury Charge*

The evidence established Frazin failed to return the security deposit to the Sautys. *See* TEX. PROP. CODE ANN. § 92.109(a).[8] Therefore, under section 92.109(d), Frazin was presumed to have acted in bad faith in failing to return the security deposit. *See* TEX. PROP. CODE ANN. § 92.109(d); *Pulley*, 198 S.W.3d at 428; *Pilgrim*, 2016 WL 3569756, at *4.

Frazin bore the burden of proving the retention of the security deposit was reasonable, *see* TEX. PROP. CODE ANN. § 92.109(c), and Frazin did not request a jury question as to whether her retention of the security deposit was reasonable. Further, Frazin did not request a jury question as to whether her retention of the security deposit was in bad faith. Contrary to Frazin's assertion in her appellate brief that she proposed a jury question "as to whether she acted in bad faith with respect to refund of the security deposit," Frazin only requested a jury question as to whether she acted in bad faith in "fail[ing] to provide a written description and itemization of deductions" from the security deposit. Having failed to request a jury question on an issue on which she had the burden of proof, we conclude Frazin has failed to preserve this alleged error in the jury charge. *See* TEX. R. CIV. P. 278; *see also Mazon Assocs., Inc. v. Heritage Wholesale Nursery, Inc.*, No. 05-09-01218-CV, 2011 WL 1107219, at *6 (Tex. App.—Dallas Mar. 28, 2011, no pet.) (mem. op.) (when trial court omits a jury question, party who relies on that question must tender that question in writing in substantially correct form and obtain a ruling in order to preserve error requiring reversal).

Further, we are unpersuaded by Frazin's complaint that the jury verdict does not support a judgment in the Sautys' favor because the essential element of bad faith in the Sautys' claim for statutory damages under the property code was omitted from the jury charge. The jury found

---

[8] On appeal, Frazin has not challenged the jury's findings that she failed to return the security deposit and that the Sautys were entitled to a refund of the entire amount of the security deposit. *See* TEX. PROP. CODE ANN. § 92.109(a).

Frazin failed to return the Sautys' security deposit. A bad faith failure to return the security deposit was presumed. *See* TEX. PROP. CODE ANN. § 92.109(d); *Pulley*, 198 S.W.3d at 428; *Pilgrim*, 2016 WL 3569756, at *4. Under section 92.109(a), a landlord who in bad faith retains a security deposit in violation of chapter 92, subchapter C, is liable for statutory damages of $100 and three times the portion of the security deposit wrongfully withheld. TEX. PROP. CODE ANN. § 92.109(a). In the final judgment, the trial court found that, in addition to failing to provide a written description and itemized list of damages and charges within thirty days from the end of the lease, Frazin's failure to return the full amount of the security deposit to the Sautys was in bad faith as a matter of law. The jury's verdict, thus, supports the final judgment's inclusion of statutory damages as allowed by section 92.109(a) (landlord who in bad faith retains security deposit in violation of this subchapter is liable for amount equal to sum of $100 and three times the portion of security deposit wrongfully withheld).

We resolve Frazin's first issue against her.

### Prejudgment Interest

In her second issue, Frazin contends the trial court erred in awarding prejudgment interest on exemplary damages and statutory damages that were not associated with claims for personal injury or property damage. *See* TEX. FIN. CODE ANN. § 304.102 (West 2006) (judgment in wrongful death, personal injury, or property damage case earns prejudgment interest); *see also Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 530 (Tex. 1998) (predecessor statute to section 304.102 applies only to wrongful death, personal injury, and property damage cases). The Sautys respond that the Lease Agreement specifically provides for recovery of prejudgment interest by the prevailing party in any legal proceeding brought under the lease.

–11–

We review a trial court's award of prejudgment interest under an abuse of discretion standard. *Bufkin v. Bufkin*, 259 S.W.3d 343, 356 (Tex. App.—Dallas 2008, pets. denied); *J.C. Penney Life Ins. Co. v. Heinrich*, 32 S.W.3d 280, 289 (Tex. App.—San Antonio 2000, pet. denied). Under this standard, we will not disturb a trial court's findings on factual issues unless the court reasonably could have reached only one decision and failed to do so. *Heinrich*, 32 S.W.3d at 289 (citing *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992)); *see also Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010) (trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles). A trial court has no discretion in determining what the law is or applying the law to the facts." *Sanchez v. Martin*, 378 S.W.3d 581, 587 (Tex. App.—Dallas 2012, no pet.).

The Lease Agreement provides that "[a]ny person who is a prevailing party in any legal proceeding brought under or related to the transaction described in this lease is entitled to recover prejudgment interest . . . ." However, the Sautys did not assert a claim for breach of contract.[9] The Sautys' damage claim is based on the provision of section 92.109(a) of the property code authorizing recovery of statutory penalties in the event of a landlord's bad faith retention of the security deposit. The trial court awarded the Sautys "statutory prejudgment interest" from the end of the lease, June 30, 2009, to the date of judgment on the amounts awarded them for Frazin's violation of section 92.109(a): statutory damages of $100.00 and the sum of $6,685.00, representing three times the amount of the $2,195.00 security deposit the jury found the Sautys were entitled to have refunded. *See* TEX. PROP. CODE ANN. § 92.109(a).

---

[9] The Sautys' Original Petition claimed "failure to return deposit." The Sautys sought recovery against Frazin under section 92.109 of the property code as evidenced by their Supplemental Petition filed in the county court claiming reasonable attorney's fees pursuant to section 92.109(b)(2) of the property code. *See* TEX. PROP. CODE ANN. § 92.109(b)(2) (landlord who in bad faith does not provide written description and itemized list of damages and charges in violation of this subchapter is liable for tenant's reasonable attorney's fees in a suit to recover the deposit); *Hanks v. Lake Towne Apartments*, 812 S.W.2d 625, 627 n.1 (Tex. App.—Dallas 1991, writ denied) (tenant's "only claim for attorney fees was based on the statutory provision authorizing recovery of such fees (in addition to statutory penalties) because of bad faith retention of a security deposit" (citing section 92.109(a) of the property code)). Frazin moved to strike the Sautys' supplemental petition because they had not pleaded for attorney's fees in the Justice Court. The January 26, 2015 order of the county court provides the parties stipulated to the granting of Frazin's motion to strike the Sautys' claim for attorney's fees and ordered the Supplemental Petition stricken.

"There are two legal sources for an award of prejudgment interest: (1) general principles of equity and (2) an enabling statute." *Johnson & Higgins of Tex., Inc.*, 962 S.W.2d at 528.[10] The final judgment specifically provides that the prejudgment interest awarded constituted statutory prejudgment interest.[11] Although section 92.109(a) of the property code provides for recovery of certain penalties (the sum of $100, three times the portion of the security deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit), there is no provision for recovery of prejudgment interest. *See Finlay v. Blanton*, No. 01-14-00764-CV, 2015 WL 9311451, at *2 (Tex. App.—Houston [1st Dist.] Dec. 22, 2015, no pet.) (mem. op.) (property code provides statutorily prescribed penalties for landlord's failure to refund tenant's security deposit). Prejudgment interest does not apply to statutory penalties imposed for wrongdoing. *See Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 255 S.W.3d 807, 823 (Tex. App.—Dallas 2008, no pet.) (op. on reh'g) (discussing cases holding that prejudgment interest does not apply to statutory penalties imposed for wrongdoing); *see*, *Ellis Cty. State Bank v. Keever*, 888 S.W.2d 790, 798 (Tex. 1994) ("Punitive damages, being inherently penal in character, should not be enlarged by the imposition of prejudgment interest in the absence of an express legislative intent to do so."); *Vail v. Tex. Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 137 (Tex. 1988) (trial court improperly awarded prejudgment interest on trebled damages under the Deceptive Trade Practices Act for insurance code violation); *Steves Sash & Door Co. v. Ceco Corp.*, 751 S.W.2d 473, 476–77 (Tex. 1988) (prejudgment interest not recoverable on usury penalty damages).[12]

---

[10] *See*, *e.g.*, TEX. FIN. CODE ANN. § 304.102 (judgment in wrongful death, personal injury, or property damage case earns prejudgment interest).

[11] Moreover, as a general rule, a plaintiff is required to plead for prejudgment interest sought in equity as an element of damages. *DeGroot v. DeGroot*, 369 S.W.3d 918, 926 (Tex. App.—Dallas 2012, no pet.). In their Original Petition filed in Justice Court, the Sautys did not include a request for prejudgment interest. *See id*.

[12] *See also Dunn v. S. Farm Bureau Cas. Ins. Co.*, 991 S.W.2d 467, 479 (Tex. App.—Tyler 1999, pet. denied) (prejudgment interest not recoverable on penalty awarded as damages for insurer's violation of statutory requirement for prompt payment of insurance claim); *Alaniz v.*

The damages awarded by the trial court under section 92.109(a) were based on statutorily prescribed penalties for Frazin's failure to refund the Sautys' security deposit. *See Blanton*, 2015 WL 9311451, at *2. Subchapter C of the property code has no statutory provision entitling the Sautys, as prevailing parties under section 92.109(a), to recover prejudgment interest. Absent such a provision, "statutory prejudgment interest" was not recoverable on the statutory penalties of $100.00 and $6,685.00 (representing three times the amount of the $2,195.00 security deposit the jury found the Sautys were entitled to have refunded) imposed against the Sautys.

We conclude the trial court abused its discretion by awarding "statutory prejudgment interest." We resolve Frazin's second issue in her favor.

## Conclusion

We reverse the trial court's judgment awarding the Sautys prejudgment interest, and render judgment deleting the award of prejudgment interest from the judgment. We affirm the trial court's judgment in all other respects.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

150879F.P05

---

*Yates Ford, Inc.*, 790 S.W.2d 38, 39 (Tex. App.—San Antonio 1990, no writ)  (penalties recovered under the consumer credit code were penal in nature and not actual damages on which prejudgment interest may be awarded).



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

LORRIE FRAZIN, Appellant

No. 05-15-00879-CV     V.

MARC SAUTY AND BENEDICTE
SAUTY, Appellees

On Appeal from the County Court at Law
No. 3, Dallas County, Texas,
Trial Court Cause No. CC-11-00258-C.
Opinion delivered by Justice Fillmore, Chief
Justice Wright and Justice Brown
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment awarding prejudgment interest and **RENDER** judgment deleting the award of prejudgment interest in the trial court's judgment. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 7th day of November, 2016.