# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00729-CV

**Meridian Grace, Appellant**

**v.**

**Jessica Stapher Thompson and Marc Thompson, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-12-004601, HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jessica Stapher Thompson and Marc Thompson sued their former landlord, Meridian Grace, under section 92.109 of the Texas Property Code, alleging that Grace acted in bad faith when she withheld their security deposit and failed to provide an accounting of any deductions. *See* Tex. Prop. Code § 92.109(a), (b) (providing that landlord who in bad faith retains security deposit or fails to provide an accounting of deductions is liable to tenant for certain damages). The Thompsons moved for summary judgment on their claims and on Grace's counterclaim for property damage, and the trial court granted their motion. On appeal, Grace asserts that summary judgment was improper because there is a fact issue about whether she acted in bad faith. We will affirm the trial court's judgment, conditioned on remittitur, in part and reverse and remand in part.

## BACKGROUND

The underlying facts relevant to this appeal are largely undisputed. In June 2010, the Thompsons entered into an agreement with Grace to lease residential property owned by Grace and

located in Austin, Texas (the Property). The lease was for a year term ending on July 31, 2011, and the Thompsons paid $2,850 as a security deposit for the rental period.

Prior to the expiration of the lease term, the Thompsons notified Grace in writing that they did not wish to renew the lease. The Thompsons also provided Grace with a forwarding address for purposes of returning their security deposit. More than a month after the Thompsons moved out, they still had not received their security deposit. In September 2011, the Thompsons notified Grace that they had not received their security deposit and that Texas law obligated her to return the deposit and provide an accounting of any deductions within thirty days of their surrender of the Property. Grace responded by e-mail informing the Thompsons that there was damage to the Property, including damage caused by the Thompsons' pets, and that she would soon provide an "itemized bill."

In May 2012, after Grace still had not returned the security deposit or provided any itemized accounting of deductions, the Thompsons filed suit to recover their deposit. According to the Thompsons' petition, Grace acted in bad faith when she failed to provide them with an appropriate accounting and when she failed to return their security deposit, thus entitling them to an award of treble damages and attorney's fees. *Id*. Grace then filed a counterclaim for damage to the Property, including costs that she had incurred in replacing existing carpet with bamboo flooring in January 2012.[1]

---

[1] According to the Thompsons, Grace responded to written discovery and claimed that she was entitled to: (1) $496.59 for cleaning costs, (2) $442.82 for damage repair and painting, (3) $500 for repainting the converted garage, (4) $2,304.20 for replacement flooring, and (5) $800 for replacement flooring installation. Grace also produced a receipt in response to written discovery responses, which was made part of the summary-judgment record by the Thompsons. The receipt is for bamboo flooring materials used to replace upstairs carpet.

The Thompsons eventually filed a motion for final summary judgment on their claims and on Grace's counterclaim. In response to the Thompsons' motion, Grace attached her affidavit, in which she testified to the following relevant facts:

[1.] When the Plaintiffs' lease term expired, they left the Property with considerable damage, including damage to the flooring and interior walls of the Property.

[2.] The cost to repair the damage to the Property caused by Plaintiffs exceeded the amount of their total security deposit, $2,850.00. The total amount spent in repairs to the Property following Plaintiffs' lease was $4,043.61, not including an oral agreement for an additional $500 deduction from the security deposit for repainting the converted garage area. All money spent on repairs was spent in good faith.

[3.] The repairs to the Property were necessary to restore the Property to the same condition as when Plaintiffs received the Property, normal wear and tear excepted.

The trial court granted the Thompsons' motion for summary judgment and rendered judgment in their favor. This appeal followed.

**STANDARD OF REVIEW**

Summary judgment is proper if the movant establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When movants, like the Thompsons, seek traditional summary judgment on their own causes of action, they have the initial burden of establishing each element of their claims. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). If the movants meet this burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding

3

summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

We review the trial court's rulings on motions for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve all doubts in the non-movant's favor. *TX Far W., Ltd. v. Texas Invs. Mgmt., Inc.*, 127 S.W.3d 295, 301 (Tex. App.—Austin 2004, no pet.).

## ANALYSIS

*Security deposits under the Texas Property Code*

Chapter 92, subchapter C, of the Texas Property Code governs the rights of landlords and tenants with respect to security deposits. *See* Tex. Prop. Code §§ 92.101-.109. Chapter 92 requires a landlord to refund a tenant's security deposit "on or before the 30th day after the date the tenant surrenders the property." *Id*. § 92.103(a). Further, before returning the deposit, a landlord may deduct from the deposit damages and charges "for which the tenant is legally liable under the lease or as a result of breaching the lease." *Id*. § 92.104(a). If the landlord retains any portion of the security deposit, the landlord must timely give the tenant "a written description and itemized list of all deductions" along with any balance of the deposit. *Id*. § 92.104(c); *see Wilson v. O'Connor*, 555 S.W.2d 776, 780 (Tex. Civ. App.—Dallas 1977, writ dism'd) (construing statute as requiring landlord to provide statement of deductions within 30 days of tenant's surrender of possession). The

4

landlord may not retain any portion of the deposit to cover normal wear and tear.  Tex. Prop. Code § 92.104(b).

Under section 92.109, a tenant has two potential causes of action relating to a landlord's retention of a security deposit.  First, under section 92.109, subsection (a), a landlord who retains a security deposit in bad faith is liable to a tenant for "an amount equal to the sum of $100, three times the amount of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit."  *Id*. § 92.109(a).  Second, under subsection (b), if a landlord, in bad faith, fails to provide an accounting for any deduction, the landlord forfeits the right to withhold any portion of the security deposit (or to bring suit against the tenant for damages to the premises) and is liable for the tenant's reasonable attorney's fees.[2]  *Id*. § 92.109(b).  A landlord is

---

[2]  Section 92.109 states as follows:

(a)  A landlord who in bad faith retains a security deposit in violation of this subchapter is liable for an amount equal to the sum of $100, three times the portion of the deposit wrongfully withheld, and the tenant's reasonable attorney's fees in a suit to recover the deposit.

(b)  A landlord who in bad faith does not provide a written description and itemized list of damages and charges in violation of this subchapter:

(1)  forfeits the right to withhold any portion of the security deposit or to bring suit against the tenant for damages to the premises; and

(2)  is liable for the tenant's reasonable attorney's fees in a suit to recover the deposit.

(c)  In an action brought by a tenant under this subchapter, the landlord has the burden of proving that the retention of any portion of the security deposit was reasonable.

presumed to have acted in bad faith if the landlord either fails to return a deposit or provide an itemized list of deductions within thirty days of the tenant's surrender of possession. *Id*. § 92.109(d).

In this case, the undisputed summary-judgment evidence establishes that the Thompsons provided Grace with a security deposit in the amount of $2,850 and that the Thompsons surrendered the Property at the end of the lease term. In addition, the undisputed evidence shows that Grace failed to timely return the Thompsons' security deposit or provide them with a written description and itemization of deductions. *See id*. Thus, Grace is liable to the Thompsons under section 92.109(a) and (b) if it is established that she acted in bad faith.

A landlord acts in bad faith when she acts in disregard of the tenant's rights and with the intention of depriving the tenant of a refund lawfully due. *Wilson*, 555 S.W.2d at 780. Because Grace did not return the Thompsons' deposit or provide an accounting of deductions within thirty days of their surrender of the Property, it is presumed that Grace acted in bad faith. *See* Tex. Prop. Code § 92.109(d). In the absence of evidence of good faith, the presumption of bad faith compels a finding that the landlord acted in bad faith. *See Hardy v. 11702 Mem'l, Ltd.*, 176 S.W.3d 266, 271 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Because the Thompsons established the presumption, the burden shifted to Grace to present sufficient evidence that she acted in good faith in order to defeat the Thompsons' motion. *See Pulley v. Milberger*, 198 S.W.3d 418, 428 (Tex.

---

(d)     A landlord who fails either to return a security deposit or to provide a written description and itemization of deductions on or before the 30th day after the date the tenant surrenders possession is presumed to have acted in bad faith.

Tex. Prop. Code § 92.109 (liability of landlord).

App.—Dallas 2006, pet. denied).  In one issue on appeal, Grace argues that the trial court erred in granting summary judgment in favor of the Thompsons because she presented evidence of good faith sufficient to raise a fact issue with respect to the element of bad faith.

*Bad faith in failing to provide an itemized accounting of deductions*

We first consider whether the summary-judgment evidence is sufficient to create a fact issue with respect to whether Grace acted in bad faith when she failed to provide the Thompsons with an itemized accounting of deductions.  *See* Tex. Prop. Code § 92.109(b).  While Grace avers in her affidavit that she used the entire security deposit to pay for repairs, there is no evidence in the summary-judgment record that she provided any itemized accounting of deductions to the Thompsons prior to their filing suit against her, approximately nine months after they vacated the Property.  Further, neither Grace's affidavit nor any other evidence in the summary-judgment record provides any explanation as to why Grace failed to timely provide this required information.  *See Wilson*, 555 S.W.2d at 781 ("If the landlord presents evidence of a reasonable excuse for the delay, then a fact issue is presented on which the landlord has the burden of proof.").

We conclude that there is no evidence that Grace acted in good faith when she failed to provide the Thompsons with a written description and itemization of deductions in violation of subchapter C.  Because Grace failed to meet her burden, the trial court did not err in granting summary judgment on the Thompsons' claim for affirmative relief under subsection (b) of section 92.109.  Consequently, the trial court did not err in awarding the Thompsons the amount of their security deposit and their reasonable attorney's fees.  *See* Tex. Prop. Code § 92.109(b)(1), (2).  In

7

addition, because section 92.109(b) precludes any claim for damages to the Property, the trial court did not err in granting summary judgment in favor of the Thompsons on Grace's counterclaim. *See id*.

*Remittitur of damages for security deposit*

When a court of appeals concludes that there is insufficient evidence to support a full amount of the award but sufficient evidence to support a lesser award, the court may suggest a remittitur. *Bechtel Corp. v. CITGO Prods. Pipeline Co.*, 271 S.W.3d 898, 922 (Tex. App.—Austin 2008, no pet.); *see* Tex. R. App. P. 46.3. The party prevailing in the trial court should be given the option of accepting the remittitur or having the case remanded for a new trial. *Bechtel Corp.*, 271 S.W.3d at 922.

Here, while we agree that the summary-judgment evidence conclusively establishes that the Thompsons are entitled to recover their security deposit under section 92.109(b), we find that there is insufficient evidence to support an award for the full amount of the deposit on summary judgment. Instead, the undisputed summary-judgment evidence shows that the parties orally agreed that a reasonable amount, not to exceed $500, would be deducted from the $2,850 security deposit in order to repaint a room that Grace had given the Thompsons permission to paint upon moving in.[3] Accordingly, we condition our affirmance of the trial court's summary judgment on the Thompson's

---

[3] In his affidavit, attached to his motion for summary judgment, Marc Thompson explains that he and Jessica Thompson "discussed with Ms. Grace that we would not have time to repaint a room in the house which she had given us permission to paint upon moving in. We understood that she may deduct the money needed to complete the repainting from our security deposit, which we understood would not be more than $500." Similarly, in her affidavit, Grace represents that the parties had "an oral agreement for an additional $500 deduction from the security deposit for repainting the converted garage area."

8

claim for their security deposit under section 92.109(b) on the Thompsons filing a remittitur in the trial court, within thirty days of the date of this opinion, decreasing the award of the security deposit by $500.

*Bad faith in failing to return security deposit*

Next, we determine whether the summary-judgment evidence is sufficient to create a fact issue as to whether Grace acted in bad faith when she retained the Thompsons' security deposit and thus, whether the trial court erred in awarding treble damages. *See* Tex. Prop. Code § 92.109(a). Starting with the Thompsons' summary judgment evidence, we examine the September 2011 e-mail sent by Grace to the Thompsons. In that e-mail, Grace responded to the Thompsons' request for return of their deposit and described damage that she observed at the Property:

> I am also in the position as a land lord [sic] and have been shocked by the way that the house was left. First, my new tenants reported that the upstairs carpeting was so filthy that there [sic] socks were blackened by walking on it. They cleaned the carpeting and it still looked awful so we had it professionally cleaned and it still not only looked awful it still smelled of animal excreta. The wall board around both the room where the animals were kept and also the play room were badly stained and smelling of urine. All these needed to be replaced. Jessica, one of our neighbors told me that while visiting you the dogs both urinated and defacated [sic] on the floor while visiting with you. . . . You told me that they were well potty trained . . . . Replacement of the carpeting in the two upstairs rooms is necessary.

The factual assertions in Grace's e-mail are consistent with her affidavit, in which she avers that the Thompsons "left the Property with considerable damage, including damage to the flooring and interior walls." Interpreting Grace's affidavit in the light most favorable to her, as we must, we conclude that Grace claims to have withheld the entire security deposit in order to pay for more than

9

$4000 in repairs for damage caused by the Thompsons, not including their oral agreement to deduct $500 for repainting the converted garage.

Indulging every reasonable inference from the record in Grace's favor, as we must, we determine that there is at least some evidence that Grace withheld the security deposit not with the intention of depriving the Thompsons of their lawfully due deposit, but because Grace "had reason to believe [she] was entitled to retain [the] security deposit to recover reasonable damages." *See Pulley*, 198 S.W.3d at 429; *Wilson*, 555 S.W.2d at 781. Consequently, the trial court erred in granting summary judgment in favor of the Thompsons on their claim under subsection (a) of section 92.109 and, as a result, in awarding the Thompsons treble damages.[4]

**CONCLUSION**

We affirm that portion of the trial court's judgment awarding the Thompsons their security deposit and attorney's fees and dismissing Grace's counterclaim, conditioned on the Thompsons filing a remittitur in the trial court decreasing its award of the security deposit by $500 and notifying this Court of the filing. If the remittitur is filed within thirty days of the date of this

---

[4] The Thompsons have filed a motion for sanctions under rule 45 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 45 ("If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages."). Whether to grant sanctions for a frivolous appeal is a matter of discretion that an appellate court exercises with prudence and caution and only after careful deliberation in truly egregious circumstances. *Goss v. Houston Cmty. Newspapers*, 252 S.W.3d 652, 657 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We review the record from the advocate's viewpoint and decide whether he had reasonable grounds to believe the judgment could be reversed. *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). Having determined that the trial court erred in granting summary judgment on their claim for treble damages, we conclude that sanctions are not appropriate and deny the Thompsons' motion.

opinion, we will reform this portion of the judgment and affirm as modified. Otherwise, we will reverse the trial court's judgment as to the security deposit and remand for a redetermination of the amount of the security deposit. *See* Tex. R. App. P. 46.3.

Further, we reverse that portion of the trial court's judgment awarding the Thompsons treble damages against Grace for her withholding their security deposit in bad faith. We remand the cause to the trial court for further proceedings on whether Grace withheld the Thompsons' security deposit in bad faith.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field
  Concurring and Dissenting Opinion by Justice Goodwin

Affirmed in part Conditioned on Remittitur; Reversed and Remanded in part

Filed:  July 3, 2014